92 N.J. Super. 598 (1966)
224 A.2d 352
FLORHAM PARK INVESTMENT ASSOCIATES, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
PLANNING BOARD OF THE BOROUGH OF MADISON, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 14, 1966.
*600 Mr. Howard S. Mitnick for plaintiff (Messrs. Jacobs & Mitnick, attorneys).
Mr. Frederic Stoddard for defendant (Messrs. Stoddard & Stoddard, attorneys).
STAMLER, J.S.C.
This is an action in lieu of prerogative writs to set aside a decision of the defendant Planning Board of the Borough of Madison denying preliminary approval of plaintiff's major subdivision and for an order directing the planning board to grant such approval.
The facts in this matter are not in dispute. The following admissions are made by the parties:
(a) At the regular meeting of the planning board held on November 1, 1965, plaintiff submitted for purpose of classification as a "major subdivision" a sketch plat of the subject premises showing a proposed subdivision of the premises into 11 building lots in conformity with the zoning ordinance and regulations of the Borough of Madison. By unanimous adoption of a resolution, the planning board classified the proposed subdivision as a "major subdivision."
(b) Plaintiff thereafter filed with the planning board timely application for preliminary approval of the major subdivision of the subject premises into 11 lots as set forth on map entitled "John Marshall Village  Preliminary Plat Lot 15, Block 14 Tax Sheet of Borough of Madison, Morris County, N.J.," dated November 15, 1965 and prepared by Winston & Keller, Inc., civil engineers and surveyors, which map was filed with the planning board as part of the plaintiff's application.
*601 (c) The preliminary plat complies in all respects with the requirement of the ordinances of the borough and the rules and regulations of the planning board for the granting of preliminary approval of the proposed major subdivision.
The planning board at the meeting when the subdivision proposal was introduced and classified as a "major subdivision" expressed some concern that proposed New Jersey State Highway Route 24 at some time in the future might require the taking of a portion of the property by condemnation or otherwise. The board feared that notwithstanding the fact that the lots in the subdivision were of adequate size, future action by the State Highway Department might cause some of the lots to be reduced to a degree where they would not conform to the zoning ordinance requirements. The board asked the subdivider to secure a disclosure from the New Jersey State Highway Department as to whether it had established a definite and specific right-of-way and whether this right-of-way, if so established, with definiteness might affect the property, or a portion thereof, in question. Plaintiff through its engineer sought to comply as best it could with the wishes of the board.
Shortly thereafter Herbert Winston of Winston & Kelly, Inc., the engineers of plaintiff, communicated with representatives of the New Jersey State Highway Department who, in turn, referred him to a representative of the consulting engineers employed by the Department on the project known as Route 24. A conglomerate map (Exh. D-5), two sections having been taped together to show the area in question, was given to Winston. It is important to note that the map (purported to be the most recent map) is dated March 10, 1964. This map bears stamps in large red letters in a number of places indicating that it is a "preliminary map."
A public hearing on plaintiff's application for preliminary approval was held on December 6, 1965. The testimony indicates that this map, marked in evidence before the planning board, is the product of the consulting engineers to the State Highway Department and their preliminary recommendations *602 to the Department. The consulting engineers may make recommendations, but the Department may accept or reject them, or make changes at will. The chairman of the planning board acknowledged that any statement made or recommendation forwarded to the Highway Department by its consulting engineers was not binding upon the Department. The chairman pensively remarked that "the Borough of Madison would be very happy as would Florham Park and the Borough of Chatham if they knew exactly where the State Highway Department intended to put their road." Apparently, many of the communities through which State Highway Route 24 might pass had no more success than did Winston in getting a definitive answer from the Department.
At the public hearing plaintiff produced testimony in support of its application. No testimony was adduced in opposition. No one appeared on behalf of the Highway Department, notwithstanding that the Department had been given notice of the hearing.
At the close of the public hearing the planning board adopted a resolution denying plaintiff's application for preliminary approval on the following grounds:
A. There was no positive evidence as to the exact property to be taken by the Highway Department for proposed Route No. 24, so the lines of the lots cannot be exactly determined.
B. It would not be proper for the planning board to approve lots which at some future date might be reduced in size by the Highway Department to a degree where they would not conform in size to the requirements of the zoning ordinance.
On December 16, 1965 plaintiff filed its complaint in lieu of prerogative writs asserting that the action of the planning board was arbitrary and unreasonable, contrary to the weight of the evidence, ultra vires and violative of plaintiff's constitutional rights and privileges under both the Constitution of the United States and the Constitution of the State of New Jersey.
Defendant planning board takes the position that its action was proper and the complaint is premature because plaintiff *603 failed to exhaust the remedies available to it under N.J.S.A. 40:55-1.19 of the Municipal Planning Act (1953), and under the subdivision ordinance of the Borough of Madison, both of which give plaintiff a right to appeal to the governing body of the municipality before resorting to the courts.

I
Is plaintiff required to process an appeal to the governing body before filing its action in the courts?
N.J.S.A. 40:55-1.19 provides:
"If any person, except as hereinafter set forth, shall be aggrieved by the action of the planning board, appeal in writing to the governing body may be taken within 10 days after the date of the action of the planning board. A hearing thereon shall be had on notice to all parties in interest, who shall be afforded an opportunity to be heard. After such hearing the governing body may affirm or reverse the action of the planning board by a recorded vote of a majority of the total members thereof. The findings and reasons for the disposition of the appeal shall be stated on the records of the governing body, and the applying party shall be given a copy."
The cited section concludes:
"Nothing in this act shall be construed to restrict the right of any party to obtain a review by any court of competent jurisdiction according to law."
The Madison subdivision ordinance, article V, section 4, uses precisely the same language except for the concluding sentence.
R.R. 4:88-14 requires that administrative review to an administrative agency or tribunal must be exhausted "except when it is manifest that the interests of justice require otherwise." Defendant urges that plaintiff, having taken no appeal to the administrative agency, has failed to show clearly that the exception is applicable.
The requirement of exhaustion of remedies finds its place in the rules of court to enable the administrative agency to apply its expertise to the question.
*604 The planning board of the borough was created by ordinance No. 561, adopted in 1951, and by section 4 was given the power to "approve" applications for major subdivision. Both the subdivision ordinance and the statute limit the decision of the governing body on appeal to affirmance or reversal. The governing body cannot impose limitations or conditions or delete conditions so imposed.
Therefore, the governing body in this case, had plaintiff appealed administratively, could only agree with the planning board or agree with the applicant. Such determination would require no expertise, for the question raised is a legal one: When all the requirements of the subdivision ordinance have been fully complied with and all standards met according to the rules and regulations, may the planning board deny plaintiff's application because there is no "positive evidence as to the exact property to be taken by the State Highway Department for the proposed State Route No. 24, so the lines of the lots cannot be determined?"
Where the question presented, as in the case sub judice, is solely one of law, the interests of justice do not require the exhaustion of administrative remedies and it is proper for the applicant to proceed directly in the Law Division. Nolan v. Fitzpatrick, 9 N.J. 477, 484 (1952); Deaney v. Linen Thread Co., 19 N.J. 578, 581 (1955); Durgin v. Brown, 37 N.J. 189, 202 (1962).

II
We therefore come to a consideration on the merits. As the law stands today, appellate courts require that the trial division accept as presumptively correct the action of the planning board. Shell Oil Co. v. Board of Adjustment of Hanover Township, 38 N.J. 403 (1962). The determination of the planning board should be sustained, unless it is unreasonable, arbitrary or capricious. Rexon v. Board of Adjustment of Borough of Haddonfield, 10 N.J. 1 (1952); Schmidt v. Board of Adjustment of City of Newark, 9 N.J. 405 (1952).
*605 The authority of the planning board flows directly from the legislative enactments, the statute (N.J.S.A. 40:55-1.1 to 1.29) and the borough ordinance creating the board and prescribing rules, regulations and standards. Although within the subdivision ordinance there may be authority for the planning board to exercise its discretion (for example, the imposition of appropriate conditions with which the applicant must comply), the discretion must be exercised within the bounds established legislatively by the governing body.
In Magnolia Development Co., Inc. v. Coles, 10 N.J. 223 (1952), the court held that where the subdivider had complied with all of the provisions of the applicable legislative enactments, the municipality could not refuse subdivision approval or impose conditions outside of its authority. The court said:
"If the defendant borough desires to exercise its police powers with respect to the regulations of new developments within its boundaries, it must do so within the framework of the statutes provided for such purposes, namely R.S. 40:55-1 et seq. and R.S. 40:56-1 et seq." (at p. 228)
The planning board acknowledges that plaintiff has fully complied with the rules and regulations and refuses to grant preliminary approval based upon what a third party, the State Highway Department, might do "at some future date." The board acknowledged that Exh. D-5, the most recent highway department map, "is very much out of date," is not binding and may be changed, and perhaps could become a reality sometime in the future if the freeholders of Morris and Essex Counties could agree. As one member of the board observed at the hearing, "no one knows where the highway is going to be."
The Boroughs of Madison, Florham Park and Chatham could get no answer from the Highway Department. To impose upon the subdivider an obligation to secure precise, firm and definite information from the Department is to ask the impossible.
*606 If and when the Department reaches a final conclusion on the route, it will acquire the property it needs in the manner provided by law, the borough planning board notwithstanding.
To deprive plaintiff of the right to use and improve its property for an indefinite time, while awaiting the final action of a third party which may come in one year or ten or never, is arbitrary and unreasonable.
The decision of the planning board is set aside and it is directed to grant preliminary approval of plaintiff's major subdivision.
Let an appropriate judgment without costs consented to as to form or settled upon notice be submitted.