98 N.J. Super. 194 (1967)
236 A.2d 608
ALBERT J. BATTAGLIA, PLAINTIFF-RESPONDENT,
v.
WAYNE TOWNSHIP PLANNING BOARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1967.
Decided December 12, 1967.
*196 Before Judges KILKENNY, CARTON and MEHLER.
Mr. Joseph D.J. Gourley for appellant.
Mr. Gerald Goldman for respondent (Messrs. Goldman, Carlet & Garrison, attorneys).
The opinion of the court was delivered by MEHLER, J.S.C. (temporarily assigned).
Wayne Township Planning Board appeals from a summary judgment ordering the issuance of a building permit to plaintiff free from conditions which he challenged as invalid. The facts are not in dispute.
Plaintiff purchased the land involved from Wayne Township at an auction held on December 30, 1963. He took title in March 1964, subject to a condition of sale which obliged him to construct a commercial or industrial building conforming to the township building code for a use permitted in the industrial zone, such construction to commence within three years from the date of closing title. The property consists of parts of six lots as set forth on the municipal tax map. It is bounded on the north by Oliver Street and on the south by Kurland Street (both being paper streets), on the west by the right of way of the Erie Railroad, and on the east by a right of way owned by North Jersey District Water Supply Commission. Access to the property is afforded only by Railroad Avenue, a street which terminates at the northwesterly corner of the property.
Before title closed the township, in compliance with the resolution of sale, introduced an ordinance vacating several paper streets within the premises in question. However, the proposed ordinance also reserved to the township a 50-foot strip of land over and along the westerly side of the *197 premises for the extension of Railroad Avenue to Kurland Street. This reservation was omitted from the ordinance as finally passed and from the deed to the premises after plaintiff objected to its inclusion on the ground that it had not been authorized by the resolution which directed the sale of the property.
In August 1965 plaintiff applied to the township building inspector for a permit to construct an industrial building on the property. The application was referred to the township planning board for site plan approval pursuant to article 15 (27-94) of the local zoning ordinance.
Authority to provide by ordinance for reference to a planning board of site plan approval is found in N.J.S.A. 40:55-1.13 which, after providing for reference to the board for review and recommendation of specific projects within the purview of an adopted master plan, necessitating the expenditure of public funds incidental to the location, character or extent of the projects, continues as follows:
"The governing body may by ordinance provide for the reference of any other matter or class of matters to the planning board before final action thereon by any municipal public body or municipal officer having final authority thereon, with or without the provision that final action thereon shall not be taken until the planning board has submitted its report, or until a specified period of time has elapsed without such report having been made."
See also Wilson v. Borough of Mountainside, 42 N.J. 426, 446 (1964); Newark Milk & Cream Co. v. Parsippany-Troy Hills Twp., 47 N.J. Super. 306, 332-333 (Law Div. 1957).
The planning board considered plaintiff's application from September 1965 to May 1966, when it approved it subject to a number of conditions, five of which plaintiff considered were so objectionable as to cause him to commence an action in lieu of prerogative writs to declare them invalid. They are as follows:
*198 1. Oliver Street be improved to township specifications, the design of which is to be approved by the Engineering Department;
2. The site plan be revised to show a 50-foot easement running from Oliver Street to Kurland Street, giving the township the right of entry across this property in the rear;
3. A performance bond be posted to cover the cost of improving a road in the future should the township desire or request it or should Mr. Battaglia need to open up the rear of this property. Said bond is to cover the improvement of the road between Oliver Street and a point to the south end of the proposed building;
4. In the event the road is constructed, the applicant dedicate the 50-foot right of way to the township for such road, and
5. A bond be posted in the amount estimated by the Engineering Department to cover the cost of the improvement of Oliver Street.
Conditions 2, 3 and 4, which required plaintiff to grant a 50-foot easement to the township over his property, post a bond to cover the cost of improving it as a road, and ultimately to dedicate the road to the township, stemmed from the fact that land owned by the municipality lying to the rear of plaintiff's property became landlocked as the result of the sale to plaintiff of the property in question. Plaintiff contends that the planning board had no power or authority to impose the five conditions and, additionally, that conditions 2, 3 and 4 constitute the taking of his property without just compensation. We agree.
The conditions are of the tenor customarily imposed by municipalities in granting subdivision approval. Nos. 2 and 4, which require easement and dedication, and 3 and 5, which provide for performance bonds, would appear to be valid under N.J.S.A. 40:55-1.14 et seq. were they imposed as conditions to subdivision approval. Pennyton Homes, Inc. v. Planning Board Stanhope, 41 N.J. 578, 583 (1964); Haven Homes v. Raritan Tp., 19 N.J. 239 (1955). Even in such a case, however, the conditions that may be imposed must be set forth with some particularity in the ordinance and must be limited to those permitted by the authorizing statute. West Park Ave., Inc. v. Ocean Tp., 48 N.J. 122 (1966); Levin v. Livingston Tp., 35 N.J. 500 (1961); Longridge Bldrs., Inc. v. Planning Board *199 Princeton Tp., 92 N.J. Super. 402 (Law Div. 1966); Midtown Properties, Inc. v. Madison Tp., 68 N.J. Super. 197 (Law Div. 1961), affirmed 78 N.J. Super. 471 (App. Div. 1963). N.J.S.A. 40:55-1.20 sets forth with specificity conditions that a planning board, in acting upon plats submitted by a subdivider, may require in the public interest. N.J.S.A. 40:55-1.21 empowers the governing body to require, before final approval of plats, the installation or, alternatively, the furnishing of a performance guarantee, of street grading, pavements, gutters, curbs, sidewalks, and other necessary subdivision improvements.
The reason for permitting a municipality to exact improvements in connection with subdivision approval was discussed by the Supreme Court in Levin v. Livingston Tp., supra, wherein the court quoted with approval the following comment from Cunningham, "Control of Land Use in New Jersey Under the 1953 Planning Statutes," 15 Rutgers L. Rev. 1, 42 (1960):
"The installation of such improvements has a direct bearing on the cost to the municipality of street maintenance and provision of services in future years; and it may also work indirectly to prevent irresponsible land subdivision * * *. It seems clear that the cost of such improvements is a legitimate expense of subdividing which ought to be borne in the first instance by the developer and ultimately, in most cases, by the purchasers of lots in the subdivision who benefit directly from the improvements." (35 N.J., at p. 514)
Even in the case of subdivision approval, a municipality may not require from a subdivider improvements not specified by statute without advance notice of the requirements proclaimed by ordinance. See Levin v. Livingston Tp., supra, where the court said (at p. 515) that this "advises the developer of the kind of thing he must install so that he may make his broad financial and other plans and estimates accordingly."
The purposes and justification for imposing conditions upon the subdivider are not present in the case of a landowner *200 who, like plaintiff, applies for a permit to build a single building. Unlike the case of a land subdivision, no new streets are necessitated by plaintiff's planned use; there are no purchasers to whom the cost of the improvements can be passed, and plaintiff's land receives no discernible benefit from compliance with the imposed conditions. In the case of land subdivision, the subdivider does not merely sell land; he is obliged to lay out roads, provide access to lots, and plan and construct various types of public facilities. In doing so he is determining the main outlines and character of the general community. Haar, Land-Use Planning, 347-349 (1959). Cunningham, op. cit, at pp. 45-46. See also Levin v. Livingston Tp., supra., at p. 514.
There is no valid basis for the planning board's contention that the conditions it imposed are authorized by subsection 5 of article 15 (27-94) of the zoning ordinance, which, in turn, is sanctioned by N.J.S.A. 40:55-1.13. That statute, from which we have quoted above, merely permits the governing body of a municipality to provide by ordinance for the reference of various matters to a planning board before final action thereon by any municipal public body or officer having final authority thereon. It does not authorize the imposition of conditions such as the ones involved on this appeal. Nor can the zoning ordinance be interpreted as authorizing the imposition of such conditions. The ordinance provides, in pertinent part, as follows:
"(a) Before a building or use permit for any commercial industrial, office building or garden apartment land use or building shall be approved by the building inspector, a site plan showing the proposed layout of structures, parking, access and landscaping, where applicable, shall be first reviewed and be given written approval by the planning board. In making its review, the planning board shall make certain findings with respect to the adequacy of:
(1) Traffic access;
(2) Circulation and parking;
(3) Disposition of usable open space;
(4) Arrangement of buildings;
(5) Other special requirements."
*201 It is readily apparent that the site plan must show and that the planning board must make certain findings with respect to the adequacy of four areas of concern, namely, traffic access, circulation and parking, disposition of usable open space, and arrangement of buildings  areas which are obviously germane to a site plan.
The planning board does not contend here  in fact, it disclaims the notion  that the conditions were imposed under subsections 1-4 of the ordinance. It argues that subsection 5, "other special requirements," authorized it to impose the conditions. This phrase is so vague that the complete absence of any standards or criteria by which those words may be judged may well render this part of the ordinance invalid as an improper delegation of power by the governing body to the planning board. See Greggio v. City of Orange, 69 N.J. Super. 453 (Law Div. 1961), affirmed o.b. sub nom. Roselle v. East Orange, 37 N.J. 462 (1962); Weiner v. Borough of Stratford, County of Camden, 15 N.J. 295 (1954). The trial judge saved this provision of the ordinance by interpreting "other special requirements" to be related to the four areas specifically defined in the ordinance, namely, access, parking, building arrangement and landscaping. He found also that the construction urged by defendant would exceed the scope of planning board review contemplated by the Legislature, which he viewed as being confined to matters that clearly fall within the area of municipal planning as such and not to other matters of general municipal concern, citing Saddle River Country Day School v. Saddle River, 51 N.J. Super. 589, 603 (App. Div. 1958), affirmed o.b. 29 N.J. 468 (1958).
Defendant contends that the broad language of subsection 5 is not invalid, referring to the board of adjustment statute, N.J.S.A. 40:55-39(d), as employing a similarly broad standard. An examination of that statute reveals, however, that the phrase "special reasons" is not without definition in the surrounding text; that "special reasons" must relate *202 to the granting of a variance, and the phrase is limited by a requirement that no variance can be obtained at the expense of the public good, the zoning plan or zoning ordinance.
We hold that the zoning ordinance did not and could not authorize the planning board to impose the obligations complained of as conditions for approving the site plan.
Had plaintiff not applied for a building permit, Wayne Township could not have imposed on him the obligation to improve Oliver Street, a paper street which bounds his property on one side. Nor could it have obliged him to grant a 50-foot easement over his property, post a bond for its improvement, and require him ultimately to dedicate the easement as a road to the township. There is nothing about the building which plaintiff proposes to build or its location on his property which warrants the township imposing such obligations on him. If the township desires access over plaintiff's property to its landlocked land, it should obtain it under its power of eminent domain. To compel plaintiff to comply with the conditions other than that requiring the improvement of Oliver Street, is to take from him private property for public use without just compensation, in violation of our State Constitution of 1947.
Defendant also urges, as it did below, that plaintiff failed to exhaust his administrative remedies, contending that N.J.S.A. 40:55-1.19 requires an appeal to the local governing body from the decision of the planning board. The trial judge held, and in our opinion properly so, that plaintiff was at liberty to proceed directly to the Law Division, since the questions presented were solely questions of law, citing Nolan v. Fitzpatrick, 9 N.J. 477, 484 (1952), and Florham Park Investment Associates v. Madison Planning Board, 92 N.J. Super. 598 (Law Div. 1966), where the court said:
"Where the question presented * * * is solely one of law, the interests of justice do not require the exhaustion of administrative remedies and it is proper for the applicant to proceed directly in the *203 Law Division. Nolan v. Fitzpatrick, 9 N.J. 477, 484 (1952); Deaney v. Linen Thread Co., 19 N.J. 578, 581 (1955); Durgin v. Brown, 37 N.J. 189, 202 (1962)." (at p. 604)
Affirmed.