## FOWLER v. SWANK et al.

No. 9524—Opinion Filed April 13, 1920.

(Syllabus by the Court.)

1. **Trial—Demurrer to Evidence—Effect.**

A demurrer admits the truth of all the evidence introduced and all the facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff.

2. **Appeal and Error—Necessity of Cross-Petition in Error.**

Errors occurring at the trial, not presented by petition in error or by cross-petition, will not be considered by this court.

Error from District Court, Osage County; R. B. Boone, Judge.

Action by C. O. Fowler against Grant Swank and others on promissory note and to foreclose a mortgage executed to secure payment of the note. Judgment for defendants, and plaintiff brings error. Reversed.

A. M. Widdows, for plaintiff in error.

H. P. White, for defendants in error.

OWEN, C. J. Plaintiff brought this action on a promissory note and to foreclose mortgage executed to secure payment of the note. Defendants denied execution of the note. To sustain his cause of action, plaintiff offered evidence to the effect that he was the purchaser of the note, in due course; that the signatures on the note were those of the defendants, and one of the defendants had recognized the note and promised to pay it. The court sustained a demurrer to the plaintiff's evidence, withdrew the case from the jury, and rendered judgment for defendants.

A demurrer admits the truth of all the evidence introduced and all the facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff. And where there is any evidence tending to establish the allegations of plaintiff's petition, it is reversible error for the court to sustain a demurrer to such evidence and render a judgment in favor of the defendants. Davis v. Ball, 76 Okla. 252, 185 Pac. 105; Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096.

The evidence in this case should have been submitted to the jury, and failure to do so was reversible error.

Defendants in error urge as errors, the action of the trial court in overruling a demurrer to the petition, motion to quash service, and objections to the depositions. But they did not file cross-petition in error, and errors not presented by petition in error or by cross-petition in error will not be considered. Kibby v. Binion, 70 Oklahoma, 172 Pac. 1091.

The judgment of the trial court is reversed, with directions to grant a new trial.

RAINEY, PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.