## SCHOOL DIST. No. 25, BLAINE COUNTY, v. BEAR.

No. 15106—Opinion Filed Jan. 2, 1925.

Rehearing Denied Feb. 17, 1925.

### Schools and School Districts—Duties of Teacher—Janitor Service.

In the absence of a stipulation to the contrary in the contract of employment, a school teacher is not required to perform the substantial janitor work, such as carrying the fuel, making the fires, and preparing the school building for occupancy during school hours; it is the duty of the school board, under such circumstances, to not only furnish the building and equipment, but also to have the building made sufficiently comfortable and habitable that the teacher can discharge the duties she has contracted to perform.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action by Velma Bear against School District No. 25, Blaine County. Judgment for plaintiff, and defendant brings error. Affirmed.

Seymour Foose and R. C. Brown, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by JARMAN, C. On August 20, 1921, school district No. 25 of Blaine county, hereinafter referred to as defendant, made and entered into a contract in writing with Velma Bear, hereinafter referred to as plaintiff, to teach school for a term of seven months, beginning September 12, 1921, at a salary of $100 per month; and, in addition to performing certain duties, such as making reports and keeping in good condition the school house, grounds, furniture, etc., the plaintiff agreed to observe the rules and regulations prescribed by the defendant. After teaching for a period of three months, the plaintiff was discharged by the defendant, acting in conjunction with the county superintendent of education, for failing and refusing to make fires and do the other janitor work. The plaintiff did this janitor work until the weather became severe, when she notified the defendant that she could no longer do this work as it was too burdensome, and asked that some one be provided to do the heavy janitor work, which the defendant refused to do.

The plaintiff filed this action to recover

the sum of $400 balance alleged to be due her under her contract, resulting in a verdict for the plaintiff, on which judgment was rendered, and the defendant brings error.

The defense was that the plaintiff had failed to give satisfaction, and was incompetent and negligent, and had failed and refused to build the fires, sweep the school house, and perform the other duties incident to the janitor work which the plaintiff was required to do by virtue of certain rules and regulations, adopted by the defendant. Under section 10367, Comp. Stat. 1921, incompetency and negligence in the performance of duty are grounds for dismissing the plaintiff. These questions were submitted to the jury and determined adversely to the defendant.

The only question involved here is whether the trial court erred in giving instructions 5-a and 5-b, wherein the court instructed the jury that, under the terms of the written contract sued upon, the plaintiff was not required to do the substantial janitor work, such as making the fires, and, if the evidence disclosed that the only ground upon which the defendant discharged the plaintiff was her refusal to perform such janitor work, the verdict should be for the plaintiff.

In other words, the question here is whether the plaintiff could be required to make the fires, sweep the school house, bring the water, and do the other chores incident to the janitor work, in the absence of a stipulation to that effect in the contract. The defendant contends that this duty is imposed upon the plaintiff by the rules and regulations adopted by the defendant, which the plaintiff agreed to observe by the terms of her contract; and it is further insisted by the defendant that the evidence shows that it was the custom for teachers in that school district to perform the janitor work in connection with their teaching. In this connection, counsel for defendant argue that a generation or more ago the teacher always attended to this part of the work and would look after it personally or have the big boys to bring in the wood, build the fires, and, if necessary, sweep out the buildings. By going back to still earlier days we can readily recall the old split logs for benches and the big roaring wood fires, and the blue back speller, and no thought of janitor service; but all of this offers no reason why, when competent and qualified parties are reducing their contract to writing, they should not be required to incorporate requirements for janitor service in the contract if the teacher is expected to perform such duties. The de-

fendant had no more right to require the plaintiff to make the fires and do the other menial chores, by providing for the same in its rules and regulations, aside from the contract of employment, than it had to require the plaintiff to scrub the walls or paint the building. The defendant employed the plaintiff to teach the school, and this, the jury found by its verdict, had been done by the plaintiff in a proper manner. It was the duty of the defendant to not only furnish a school house and equipment, but also to make it possible for the school to be taught by making the school house sufficiently comfortable that the plaintiff could discharge the duties she had contracted to perform. The plaintiff has cited no authority in support of its contention and indeed we believe there is none.

The issues involved in this controversy were properly submitted to the jury, and the judgment of the trial court is affirmed.

By the Court: It is so ordered.