## RAMSEY OIL CO. v. BURBAGE.

No. 24798. June 11, 1935.

M. C. Rodolf and E. B. Hunt, for plaintiff in error.

G. W. Goad and E. H. Beauchamp, for defendant in error.

PER CURIAM. Plaintiff in error, Ramsey Oil Company, was defendant below and Charles Burbage, defendant in error, was plaintiff below. They will be referred to as they appeared in the trial court.

Plaintiff alleged that he was the owner of certain personal property, itemized in his petition, located in the Dunbar garage in the town of Colcord, Okla.; that defendant carelessly and negligently caused the destruction thereof by fire. Upon the trial of the cause a verdict and judgment were entered for plaintiff in the sum of $600.

Defendant complains the court committed error in not sustaining its challenge to the jury panel. Defendant fails to set forth in its brief evidence showing merit in its contention that the jury panel was illegal. The fact that the court "requested" instead of "instructed" the jurors to return is immaterial. So far as appears from this record, this cause was tried to a legal jury. Section 808, O. S. 1931; Dumas v. State, 55 Okla. Cr. 43, 24 P. (2d) 359. Defendant attempts to impeach the verdict and special findings by the affidavit of three jurors who did not concur in the verdict. That this may not be done has been so often decided as to render citation of authorities unnecessary.

The special verdict or question of fact was not requested by either plaintiff or defendant, was not required to be submitted by the court to the jury, and it was within the court's discretion whether he should send the jury back to make the answer more definite or to receive the verdict and either accept the answer to the special question or dispense therewith. Section 370, O. S. 1931 provides:

"In all cases the jury shall render a general verdict, and the court may in any case at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same."

This assignment of error is not well taken. New York Life Ins. Co. v. Stagg, 95 Okla. 252, 219 P. 362; White v. Madison, 16 Okla. 212, 83 P. 798.

The other alleged errors assigned in the brief are disposed of by the opinion in the Dunbar Case, infra, or are not raised in the petition in error, hence are not here considered. The case-made does not show any order denying the motion to make more definite and certain, challenge to jury panel, or motion for new trial.

The facts and controlling law are fully discussed in a companion case this day decided, being No. 24797, Ramsey Oil Co. v. A. I. Dunbar, 172 Okla. 571, 46 P. (2d) 535. In view of what has been said there and on authority of that case, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Frank T. McCoy, Paul N. Humphrey, and Chas. R. Gray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McCoy and approved by Mr. Humphrey and Mr. Gray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, and CORN, JJ., concur.