122 N.J. Super. 371 (1973)
300 A.2d 575
VIRGINIA THOMAS, PLAINTIFF-APPELLANT,
v.
BERGEN COUNTY WELFARE BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1973.
Decided February 14, 1973.
*372 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. Kenneth S. Abraham argued the cause on behalf of appellant (Messrs. Mazer & Lesemann, attorneys; Mr. Abraham and Mr. Arthur J. Lesemann, on the brief).
Mr. Edwin C. Eastwood, Jr., special counsel, argued the cause for respondent.
The opinion of the court was delivered by LABRECQUE, P.J.A.D.
Plaintiff Virginia Thomas appeals from the dismissal of her suit challenging the action of the Bergen County Welfare Board (the board) in abolishing the position of Deputy Director of Welfare of Bergen County, held by her.
The affidavits filed with the court indicate that plaintiff was first employed as a case worker in 1962. In 1966 she became a supervisor and after two years in that position was appointed training supervisor. In 1969 she was appointed to serve as Acting Deputy Director and, after taking a Civil *373 Service examination in which she placed first, was appointed Deputy Director.
On November 29, 1971 the board held a regularly scheduld meeting which was open to the public at which no action was taken with regard to the position of Deputy Director or any other issue now in question. At the conclusion of the meeting members of the public were asked to leave and a closed executive session was held. At this meeting the board adopted a resolution abolishing the position of Deputy Director of Welfare "due to reasons of economy."
Upon being notified that her position had been abolished plaintiff instituted the present suit challenging the board's action as violative of the New Jersey "Right to Know Law," N.J.S.A. 10:4-1 et seq. The moving papers took the form of a verified complaint seeking to set aside the resolution on that ground, and an order to show cause for temporary relief. On the return day of the order to show cause the trial judge, in an oral decision, dismissed the complaint sua sponte. The present appeal followed.
The board was vested with power to appoint a Director of Welfare, N.J.S.A. 44:1-24, and such other officers "as may be necessary," N.J.S.A. 44:1-26, including a Deputy Director, N.J.S.A. 44:4-41. The New Jersey "Right to Know Law," N.J.S.A. 10:4-1 et seq., declares it to be the public policy of this State to insure the right of citizens to attend meetings of public bodies. As there defined, public bodies include any board organized under the laws of this State to perform a public governmental function by official action, i.e., by vote. N.J.S.A. 10:4-2. With certain exceptions not here relevant the public is required to be admitted to any meeting of a public body at which official action is taken. N.J.S.A. 10:4-3 and 4. N.J.S.A. 10:4-5 provides that "Official action taken in violation of the requirements of this act shall be voidable in a proceeding in the Superior Court."
*374 While we are here confronted with a dismissal of the action by the court sua sponte, it appears that neither side objected to this procedure, and since there is no real factual dispute, there would appear to be no bar to the settling of the substantive points raised.
We are here concerned only with the issue of whether the board validly abolished the position of Deputy Director of Welfare held by plaintiff at an executive session from which the public was excluded. The wisdom of the action taken or whether it was in fact prompted by a desire to achieve economy are no concern of ours at this time.
The Bergen County Welfare Board was established pursuant to N.J.S.A. 44:1-10 et seq. and clearly qualifies as a "public body" within the intendment of the "Right to Know Law." As such a body any "official action" taken by it was subject to the provisions of that statute. The vote to abolish the position of Deputy Director was such an official action. N.J.S.A. 10:4-2. It clearly appears that the vote was taken at an executive session from which the public was excluded. While N.J.S.A. 10:4-4 provides seven exceptions to the requirement of a public meeting, none apply to the present state of facts.
The statute makes an official action taken in violation of the "Right to Know Law" voidable in a proceeding in the Superior Court. In Wolf v. Zoning Bd. of Adjust., Park Ridge, 79 N.J. Super. 546, 553 (App. Div. 1963), we held:
The purpose of the act, as reflected in N.J.S.A. 10:4-1, is to implement the declaration therein that it is "the public policy of this State to insure the right of the citizens of this State to attend meetings of public bodies * * * for the protection of the public interest." In other words, the object of the act is primarily prophylactic, and not necessarily restricted to creation of a remedy for illegalities at particular public meetings from which the public is excluded. Appropriate implementation of that object and policy calls, as a general rule, for the Superior Court upon proper application to set aside any official action, as defined by the act, which is taken without compliance with the prescriptions of the statute, as here. We need not now decide that no discretion is ever to be reserved to the court to save the validity of official action taken in contravention of the *375 statute. That question may be left to await a case where a sufficiently impelling counter-interest may be argued to bespeak sustaining the action impugned. It suffices here to say that mere absence of bad faith or other impropriety on the part of the public body should not ordinarily move the court to stay its hand in voiding official action taken contrary to the statute upon proper application therefor. [Emphasis added]
In Kramer v. Bd. of Adjust., Sea Girt, 80 N.J. Super. 454 (Law Div. 1963), the court held invalid a resolution of the board of adjustment recommending the granting of a variance because the vote had been taken at an executive session in the absence of the public, notwithstanding that a "formal re-run" of he board's vote was taken publicly four months later. The court there held:
Nevertheless, if, as defendants contend, the Stockton variance is a subject of deep moment to the community, then it follows that the public had a right pursuant to N.J.S.A. 10:4-1 to attend the meeting of the board on March 16, 1963 at the time that the vote was actually taken. The time was then ripe for each member of the board of adjustment to stand before all who wished to attend and publicly announce his vote. A formal "re-run" of the board's vote nearly four months later could not possibly be in the spirit of N.J.S.A. 10:4-1, which insures "the right of the citizens of this State to attend meetings of public bodies * * * for the protection of the public interest." Just as the board of adjustment is obligated to act within its jurisdictional powers as prescribed by the enabling statute, Auciello v. Stauffer, 58 N.J. Super. 522 (App. Div. 1959), it must also comply with a statute as basic and fundamental as the "Right to Know Law." [80 N.J. Super. at 463-464]
And further:
If this court were to permit the actions of the board to stand, it would be tantamount to an express sanction to circumvent the requirements of N.J.S.A. 10:4-1 et seq. Every commission, board and public authority would then be invited to vote in executive session and take the risk that the proceeding would go unchallenged. And if challenged on appeal, the administrative tribunal simply could meet the objection by hastily revoting at a public meeting. Clearly, such a procedure, even fi taken in good faith, cannot be condoned. [at 464]
*376 Here, we find no compelling counter-interest which would justify a refusal to void the challenged action of the board. That the abolished office was a permissible rather than a mandatory one did not exempt the board from the requirement that its abolition not take place behind closed doors. It was certainly not a "matter of internal management" which "only tangentially affects" the public interest, as suggested on behalf of the board. The board was not simply dealing with the removal of an employee  it was altering the basic administrative setup of the county welfare program. The position sought to be abolished was the second highest one within the board's jurisdiction. The public had a statutory right to be present at the meeting at which this was accomplished.
It is urged by the board, and the trial judge so held, that plaintiff was required to exhaust her administrative remedies before the Civil Service Commission (the Commission) before having recourse to the courts. Not so. The statute assigns to the Superior Court the task of determining whether an action taken in violation of the statute shall stand. N.J.S.A. 10:4-5. Further, the issues before us concern questions of law not peculiarly within the expertise of the Commission. See Battaglia v. Wayne Tp. Planning Board, 98 N.J. Super. 194, 202 (App. Div. 1967); Florham Park Invest. Assocs. v. Madison Planning Bd., 92 N.J. Super. 598, 603-604 (Law Div. 1966). See also, Nolan v. Fitzpatrick, 9 N.J. 477, 486-487 (1952). However, this is not to say that plaintiff may not have recourse to the Commission on the basis of other reasons which she may conceive render invalid the abolition of her position or her demotion.
We accordingly hold the action of the board abolishing the position of Deputy Director to be void for failure to comply with N.J.S.A. 10:4-1 et seq.
Reversed and remanded for further proceedings in accordance with this opinion.