**NATIONAL INDIAN YOUTH COUNCIL, a nonprofit corporation, et al., Plaintiffs,**

v.

**Rogers MORTON et al., Defendants.**

**Civ. No. 71–805.**

United States District Court,
W. D. Oklahoma,
Civil Division.

June 15, 1973.

---

Stephen Jones, Enid, Okla., Richard L. Young, Albuquerque, N. M., for plaintiffs.

William R. Burkett, Jerry Cord Wilson, Oklahoma City, Okla., for defendants.

ORDER

DAUGHERTY, Chief Judge.

Plaintiffs bring this action to redress alleged deprivations of rights which they say are secured to them under the United States Constitution. They claim jurisdiction of this action exists under 28 U.S.C.A. § 1331 (federal question) and 5 U.S.C.A. §§ 701–706 (review of administrative action). They seek declaratory, injunctive and compensatory (now withdrawn) relief from the Defendants. Defendants have moved to dismiss Plaintiffs' Complaint on the grounds that this is, (1) an action against the United States to which it has not consented and, (2) that Plaintiffs have failed to exhaust their administrative remedies.

Plaintiffs allege that the Defendants have acted in their official capacities but beyond their lawful authority or have acted within their lawful authority in an unconstitutional manner in causing Indian students to be expelled from the Chilocco Indian School and other Indian schools. The thrust of Plaintiffs' Complaint is that Defendants expel students from Indian schools under their supervision without affording them procedural due process. Plaintiffs claim they represent a class composed of Indian students expelled from Indian schools operated by the federal government throughout the United States. Plaintiffs also assert that they need not seek administrative settlement of their claims for various reasons. Without specifying any amount, Plaintiffs claim that they and each member of their class have been damaged in an amount exceeding $10,000.

With respect to sovereign immunity, Defendants argue that Plaintiffs' suit seeks redress for actions taken in the performance of their official duties with requested relief that would either interfere with governmental administration or compel the government to act and is therefore an unconsented suit against the United States. Plaintiffs respond that their suit is against the Defendants in their individual capacities for acts either beyond their statutory authority or if within their statutory authority their exercise thereof is constitutionally void. Accepting Plaintiffs' characterization of their action as one to redress unconstitutional acts of the Defendants or an unconstitutional exercise of lawfully delegated authority of the Defendants, as this Court must do on a motion to dismiss, Defendants' Motion must be overruled at this time as to this ground. Acts of government officials beyond their statutory authority or their wrongful exercise of statutory authority are exceptions to the rule of sovereign immunity plead by Defendants. Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963).

However, Plaintiffs have failed to show that they have exhausted available administrative remedies with reference to their Complaint and have failed to show that they should not exhaust the same before resorting to the Courts.

In their Motion To Dismiss the Defendants cite 25 C.F.R. § 2.2 which provides in part as follows:

". . . where the action or decision is protested as a violation of a right or privilege of the appellant. Such rights or privileges must be based upon fundamental constitutional law, applicable Federal statutes, treaties, or upon Departmental regulations.",

and 25 C.F.R. § 2.3 which provides in part as follows:

". . . any interested party adversely affected by a decision of an official under the supervision of an Area Director of the Bureau of Indian Affairs may appeal to the Area Director; an appeal may be taken to the Commissioner of Indian Affairs from a decision of the Area Director; and an appeal may be taken to the Secretary of the Interior from a decision of the Commissioner.",

as the prescribed administrative remedy or procedure available to any aggrieved plaintiff with reference to a student expulsion action by the Defendants. Defendants assert that the Plaintiffs have not availed themselves of or exhausted this administrative remedy. Plaintiffs do not controvert this assertion and as heretofore stated have failed in their Complaint to show an exhaustion of this administrative remedy without obtaining desired relief or even an attempt to use the same.

Plaintiffs' claim, however, that they need not avail themselves of this prescribed administrative appeals remedy because (1) they seek money damages herein and this relief is not available in said administrative procedure, (2) the administrative remedy does not provide procedural safeguards, (3) too much time would be involved pursuing such administrative remedy thereby making the same inadequate and (4) Commissioner Bruce has said, ". . . stated and practiced Bureau policy relating to student expulsion, do not adequately pro-

tect the rights of students." None of these contentions has any merit.

■ The United States Supreme Court has announced in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947) that:

"The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings. Where Congress has clearly commanded that administrative judgment be taken . . . the courts have no lawful function to anticipate the administrative decision with their own . . . To do this . . . would nullify the congressional objects in providing the administrative determination."

It is thus clear that judicial review of administrative action is improper prior to exhaustion of available or prescribed administrative remedies. See McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); F. C. C. v. Schreiber, 381 U.S. 279, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965); Macauley v. Watterman S. S. Corp., 327 U.S. 540, 66 S. Ct. 712, 90 L.Ed. 839 (1946).

■■ Plaintiffs' assertion that they need not pursue available administrative remedies because they seek money damages against the Defendants is without merit. In the first place Plaintiffs do not proceed herein under 28 U.S.C. § 1332, on diversity of citizenship. Plaintiffs claim jurisdiction by reason of 28 U.S.C. § 1331, a federal question and 5 U.S.C. §§ 701–706, review of administrative action. It is clear that the mere fact that a suit is against a federal officer does not support original jurisdiction thereof in the United States District Courts on the grounds of a federal question within the meaning of 28 United States Code § 1331. Johnston v.

Earle, 245 F.2d 793 (Ninth Cir. 1957). Plaintiffs therefore do not show jurisdiction of the Court to entertain their alleged damage claims.

■ Moreover, Plaintiffs National Indian Youth Council, a Nonprofit Corporation, and Chilocco Chapter of NIYC, an Unincorporated Association, clearly have no standing to sue for any damages that some Indian student may have sustained by reason of his being expelled from an Indian school and Plaintiffs do not allege that Plaintiff Galedia Grass or the children of Plaintiff Martha Grass were expelled students from an Indian school. Therefore, no Plaintiff has a recognizable claim for money damages against a Defendant by reason of student expulsions even if the Court had jurisdiction to entertain such a claim.

■ Additionally, the Court concludes that the Defendants have immunity from suit for money damages for their actions constituting their alleged wrongful conduct. All of the activities of the Defendants if not within the scope of their official authority was within the "outer perimeter" of their official duties. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). As stated in Sowders v. Damron, 457 F.2d 1182 (Tenth Cir. 1972),

" 'It is not necessary—in order that acts may be done within the scope of official authority—that they should be prescribed by statute; or even that they should be specifically directed or requested by a superior officer. It is sufficient if they are done by an officer *"in relation* to matters committed by law to his control or supervision"; or that they have *"more or less connection* with the general matters committed by law to his control or supervision." ' "

" ' * * * [I]f the act complained of was done within the scope of the officer's duties as defined by law, the policy of the law is that he shall not be subjected to the harassment of civil litigation or be liable for civil damages because of a mistake of fact occurring in the exercise of his judgment or discretion, or because of an erroneous construction and application of the law.' " (Emphasis supplied) The acts complained of being deemed to be within the "outer perimeter" of official authority to supervise Indian schools, the named Defendants are not liable for civil damages.

■ Next, Plaintiffs' damage claims do not satisfy Rule 8(a)(2), Federal Rules of Civil Procedure, which requires that their Complaint contain a short, plain statement of the claim showing that the pleader is entitled to relief. Plaintiffs have not named those Indian students who have been expelled nor the damages each may have sustained by reason of his expulsion. Rather, Plaintiffs broadly assert that all Plaintiffs including the members of the sizeable class they propose to represent have each sustained more than $10,000 damages by reason of the alleged wrongful acts of Defendants.

Thus, standing alone, Plaintiffs allege damage action is ill conceived and will not stand. It cannot obtain validity by being joined with other ill conceived actions. Finally, at oral arguments on this Motion counsel for Plaintiffs stated in open court that Plaintiffs were abandoning their claims for damages herein.

■ Plaintiffs next assert that the prescribed administrative remedy does not provide for procedural safeguards and presumably claim this permits them to bypass same. There is no language in the prescribed administrative remedy which negates procedural safeguards. A person adversely affected by the decision of an official connected with an Indian school may appeal to the Area Director, thence to the Commissioner of Indian Affairs and finally to the Secretary of the Interior. Proper procedural safeguards are inherent in the prescribed procedure. One may demand and presumably will be afforded all the facets of due process. There is no allegation by Plaintiffs of their being denied due

process in the attempted use of the prescribed administrative remedy for the obvious reason that they attempt to bypass this prescribed administrative procedure without any effort to use the same. This contention lacks merit.

■ Plaintiffs' next assertion that too much time would be involved in pursuing the prescribed administrative remedy and that the same is therefore inadequate is pure speculation and a bald conclusion. As has been pointed out the Courts are not permitted to review an administrative action until all available administrative remedies pertaining thereto have been exhausted. It is true as a general principle that when administrative remedies are not adequate the Court may take jurisdiction prior to actual exhaustion but a strong showing is required as to an alleged inadequacy of a prescribed administrative remedy. See Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942); The Pax Company of Utah v. United States, 454 F.2d 93 (Tenth Cir. January 1972). Plaintiffs have not made this showing in this case. Actually by taking administrative appellate action on its own motivation the Bureau of Indian Affairs vacated the expulsion actions at the schools, urged the immediate return to schools by expelled students and in-

stalled an interim policy and procedure aimed at meeting the requirements of due process at the school level in all expulsions. In these circumstances, Plaintiffs have not shown that the prescribed administrative appellate remedies are either too time consuming or inadequate. They have proved to be otherwise in this very case.

■ As to the alleged statement of Commissioner Bruce, and assuming its truth, the same does not excuse the use of prescribed administrative remedies. One primary purpose of the administrative remedy provided Plaintiffs is to allow correction of deficiencies. Those vested with administrative decision in the prescribed procedural levels have the power, here exercised, to change or correct deficient policy or procedure. Plaintiffs' claim that they need not avail themselves of their prescribed administrative remedy because of Commissioner Bruce's statement is without validity.

The Court therefore concludes that it is without jurisdiction herein because Plaintiffs have failed to utilize their prescribed administrative remedy which is a valid and adequate remedy.

As the Court has so concluded it is not necessary to consider Defendants' assertion of mootness by virtue of the said interim policy and actions related thereto.