Lois Edna **LOVELACE**, Appellant,

v.

Dr. M. H. **INGRAM** et al., Appellees.

No. 45144.

Supreme Court of Oklahoma.

Sept. 25, 1973.

Rehearing Denied Jan. 15, 1974.

Richard L. Dugger, Elk City, for appellant.

Virgil L. Upchurch, Anadarko, for appellees.

BARNES, Justice:

This appeal evolved out of a mandamus action by the appellant school teacher, hereinafter referred to as "plaintiff", to require the Board of Education of Hinton Independent School District No. 161 of Caddo County, hereinafter referred to merely as the "Board" or "Hinton Board", to consider said plaintiff's teaching contract with the Board for the school year 1970–71 as renewed for the school year 1971–72.

The 1970–71 school year was the eighth consecutive one in which the plaintiff had been employed as a Vocational Home Economics teacher by the Hinton Board. She was notified of said Board's decision not to renew her said 1970–71 contract in a letter written by a Mr. Rose, Superintendent of the Hinton Schools, which letter [giving no reasons for said decision] she received by certified mail on April 6, 1971, or prior to the date prescribed by Title 70 O.S.1970 Supp., § 6–1(e), as follows:

"* * * * *If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year,* and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis and on the same salary schedule used for other teachers in the school district for the ensuing fiscal year, * * *." [Emphasis added.]

When plaintiff received the above letter there was a law on Oklahoma's Statute Books relating particularly to the nonrenewal of the contracts of teachers, such as plaintiff, with at least three years' tenure. This was Senate Bill No. 338, which was passed by the First Regular Session of the Thirty-first Legislature in 1967. It now appears as Title 70 O.S.1970 Supp., § 6–24, but, unlike § 6–1(e), supra, it was not enacted as a part of this State's School Code. The first paragraph of its provisions [which were in effect in April, 1971] reads as follows:

"The failure to renew a contract by a board of education of any teacher who has served three (3) years shall not be effective and such contract shall be renewed unless there is served on such teacher a written statement by such board containing a statement of causes for such action and an opportunity for the teacher to appear before such board and be heard on the question of reconsideration of such action by the board. * * * *"

April 25, 1971 [the deadline under § 6–1(e), supra, for teachers' notifying their school boards of their desire not to be reemployed], passed without the Hinton Board receiving any such notification from plaintiff; and the next day, April 26th, she received a certified letter dated April 24th, signed by all of the defendant members of said Board, apparently composed and mailed as a compliance with § 6–24, supra, for, after referring to Mr. Rose's aforementioned previous letter of April 6th notifying her of the Board's decision, it stated that said decision "was reached principally on the basis of the following reasons: "1. System of grading. 2. Partial to certain students. 3. Complaints of some parents on method of teaching." In recognition of the provision in the above quoted § 6–24, for such tenure teachers to have an opportunity to appear before their school boards and be heard on the question of reconsideration of such decisions, the Hinton Board's said letter also stated: "Should you desire a hearing, the next regular board meeting will be 7:30 P.M., May 3, 1971, in the office of the superintendent."

Thereafter, when plaintiff's "Application For a Reconsideration" was finally heard at a Hinton Board meeting on May 21, 1971, said Board voted to reaffirm its previous decision not to renew plaintiff's teaching contract for the school year 1971–72.

Thereafter, pending her taking of the appeal to the Professional Practices Commission and the hearing before the State Board of Education "allowed" such teachers by § 6–24, supra, in its second paragraph, plaintiff, in apparent recognition of said statute's provision [in its third paragraph] that the findings of neither of these agencies could reinstate her contract, filed the present court action against members of the Hinton Board on May 25, 1971. After this case's trial on June 15, 1971, the court took it under advisement pending the submission of written briefs. Thereafter, on July 30, 1971, the court rendered judgment denying plaintiff's petition for a writ of mandamus against the defendants. Plaintiff then perfected the present appeal.

For reversal of the trial court's judgment, plaintiff first contends, in substance, that the aforementioned notice she received on April 6, 1971, of the Hinton Board's decision not to renew her 1970–71 teaching contract was a nullity, and therefore, under the provisions of § 6–1(e), it was, in effect, automatically renewed for the school year 1971–72. The first and foremost reason the notice was a nullity, according to plaintiff, is that it did not contain a written statement by the Board of the reasons for that decision [or "causes for such action"], as required by § 6–24, supra, which latter statute, as herein noted, was in force and effect at that time.

Although plaintiff alleged in her petition for the writ that the hereinbefore described letter she received from the Hinton Board on April 26, 1971, was "null and void" and "did not meet the statutory provisions . . . ", and the brief submitted to the trial court for her incorporated a similar charge [by reference to the "Objections to Statements" she had previously presented to the Board], the trial court [in denying the writ] appears to have not considered the question of whether or not the letter contained a sufficient "statement of causes" for the Board's failure to renew plaintiff's contract, as required by § 6–24, supra, in order for such failure to be "effective".

 The enactment of so-called "teacher tenure" laws by State Legislatures has generally been considered as giving teachers with "tenure" a measure of security not possessed by those in a temporary or probationary status. It has been said that such laws promote good order and the welfare of the State and school system by preventing the removal of capable and experienced teachers for reasons arising solely from political or personal whim. 68 Am.Jur.2d, Schools, § 151. We can therefore only conclude that in enacting § 6–24, supra, the Oklahoma Legislature intended, by using the word "causes"—rather than "reasons" or another word of similarly broad meaning—to restrict the personal grounds upon which school boards can refuse renewal of tenure teachers' contracts to those reasonably related to the teachers' fitness or capacity to perform their duties [see Stiver v. State, 211 Ind. 380, 1 N.E.2d 1006, 7 N.E.2d 183] or [as this Court expressed it in an early case] to those "affecting the teacher's efficiency and usefulness." School Dist. No. 94 v. Gautier, 13 Okl. 194, 73 P. 954. We think the word "causes" was advisedly selected in drafting said statute; and, in the context in which it was used, that word is synonymous with "good" or "legal" causes. Otherwise, the statute would not serve the usual purpose of such statutes, tenure teachers would enjoy no substantive benefit by reason of having earned that status, and the Legislature might be thought to have done a vain or frivolous thing in enacting the law.

We think our opinion as to the nature of § 6–24, supra, is supported by the fact that, since its enactment, our Legislature has clarified its intention by requiring that the "statement of causes" · prescribed therein "must include" at least one of the same substantial causes, at that time and previously, prescribed as legal cause for dismissal. See 70 O.S.1972 Supp., § 6–122, and notice 70 O.S.1971, § 6–103, and 70 O.S.1961, § 6–2.

In and of themselves, and without further specification, the three subjects referred to in the Hinton Board's letter of April 24, 1971, do not, as stated therein, necessarily bear any reasonable relationship to plaintiff's fitness, efficiency, usefulness, or capacity to perform her duties. On the contrary, her "system of grading" or "method of teaching" or "partiality to certain students"—for all that appears in this record—may have evidenced more than ordinary fitness, efficiency or competency, especially if her student partiality pertained to the area of discipline and to good students who had shown they could discipline themselves.

We therefore conclude that the challenged letter contained no "statement of causes" for the Board's action as contemplated in § 6–24, supra, and that, accordingly, under the wording of said statute, the Hinton Board's failure to renew plaintiff's 1970–71 teaching contract was "not effective." It therefore follows that the trial court should have granted the writ plaintiff prayed for; and we so hold.

The trial court's order and/or judgment is therefore reversed and this cause is remanded to said court with directions to set it aside and to render an appropriate order or judgment consistent with the views expressed herein.

WILLIAMS, V. C. J., and LAVENDER, SIMMS and DOOLIN, JJ., concur.

DAVISON, C. J., and IRWIN, BERRY and HODGES, JJ., dissent.