Mary Jane MARTIN, Appellee,

v.

**HARRAH INDEPENDENT SCHOOL
DISTRICT et al., Appellants.**

**No. 47689.**

Supreme Court of Oklahoma.

Nov. 4, 1975.

Rehearing Denied Jan. 13, 1976.

Stephen V. Swanson, Courbois, Swanson & Musser, Oklahoma City, for appellee.

Ronald L. Day, Larry L. French, Oklahoma City, for appellants.

HODGES, Vice Chief Justice.

This is an appeal by the Harrah Independent School District Board of Education and its superintendent from the issuance of a Writ of Mandamus which ordered the reinstatement of appellee, Mary Jane Martin (teacher) as a tenured teacher and to renew her contract for continuing appointment for the 1974–1975 school year.

The teacher's contract specifically required she obey and follow the rules and regulations of the Harrah Board of Educa-

tion. After several discussions with various board members in 1972, she was given notice in September, 1973, that her failure to comply with the continuing education rule which required teachers with a bachelors degree to earn five semester hours every three years would result in non-renewal of her teaching contract if she did not comply. Thereafter teacher was contacted numerous times during the course of the school year in an effort to obtain her compliance or to determine a reasonable alternative. She appeared at many board meetings and at all times wilfully and without hesitancy declined to follow the rule of the board of education, and at no time offered any alternative solution. On April 10, 1974, she was provided notice of non-renewal. The cause was given as wilful neglect of duty for consistent and wilful failure to comply with the rules and regulations of the board of education.

A hearing before the Harrah Board of Education was held in accordance with 70 O.S.1971 § 6–122. The earlier decision of the board was sustained.

The teacher filed an administrative appeal to the Professional Practices Commission. Concurrently, she filed a Petition in the District Court of Oklahoma County asking for reinstatement and damages. After a hearing, the Professional Practices Commission rendered its decision reaffirming the decision of the local board of education. The teacher did not request a full hearing of the matter before the State Board of Education as provided by 70 O.S.1971 § 6–122, nor did she seek judicial review under the Administrative Procedures Act, 75 O.S.1971 § 318(1)(2). The trial court subsequently entered its order reinstating the teacher and issued a Writ of Mandamus.

It is urged on appeal that the teacher had failed to exhaust her administrative remedies and, therefore, the trial court was without jurisdiction. We agree.

As a general rule, administrative remedies should be resorted to before recourse is made to the courts. Remedies provided by statute should be pursued before other remedies are sought.

 It has long been established in Oklahoma that exhaustion of statutory administrative remedies is a jurisdictional prerequisite for resort to the courts. *Sanders v. Oklahoma Employment Security Commission,* 200 Okl. 366, 195 P.2d 272 (1948); *Speaker v. Board of County Com'rs of Oklahoma County,* Okl., 312 P. 2d 438 (1957). It is only where administrative remedies are not adequate that the courts may take jurisdiction prior to actual exhaustion of administrative remedies, and then a strong showing is required as to the alleged inadequacy of a prescribed administrative remedy. *National Indian Youth Council v. Morton,* 363 F.Supp. 475 (W. D.Okla.1973). See also 73 C.J.S. Public Administrative Bodies and Procedure § 173 p. 515.

The rule which requires exhaustion of administrative remedies, before one is entitled to relief for supposed or threatened injury, is a well settled rule of judicial administration to aid in the orderly administration of justice and to prevent transfer to the courts of duties imposed by law on administrative agencies. *Macauley v. Waterman S. S. Corporation,* 327 U.S. 540, 543, 66 S.Ct. 712, 90 L.Ed. 839, 842 (1946).

The administrative procedure for notice, hearing, and appeal by a tenured teacher is outlined in 70 O.S.1973 Supp. § 6–122:

"The failure to renew a contract by the board of education of any teacher who has completed three (3) years shall not be effective, and such contract shall be renewed unless there is served on such teacher a written statement by such board containing a statement of causes for such action, which must include one of the following: immorality, wilful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude. Such teacher shall be afforded an opportunity to appear before such board and confront his or her accusers, having the

right to cross-examine and offer any evidence to refute the statements and a reconsideration of the action theretofore made by the board.

"Said notice of nonrenewal and the statement of causes shall be mailed to the teacher prior to the 10th day of April notifying said teacher of the nonrenewal and a statement of causes. Said cause shall be set within twenty (20) days after receipt of said notice for a hearing before the board of education.

"Before final decision of the matter the teacher shall be allowed to appeal the action of the board to the Professional Practices Commission. Such commission shall allow the teacher to be heard and after reviewing the facts shall report its recommendation to the State Board of Education. Upon the receipt of the recommendation of the Professional Practices Commission, the State Board of Education, if requested by the teacher, shall fix a date, hour and place for hearing of the matter within ten (10) days and notify the teacher of such time and place. At such hearing both the teacher and the local board of education shall be advised of the action of the Professional Practices Commission and shall be allowed to be heard. Such hearing may be held in executive session if agreed on by all parties concerned.

"After review of the matter the State Board of Education shall issue its decision either confirming the action of the local board of education or issuing the finding that dismissal of said teacher was without sufficient cause and that said teacher was without fault in the premises, which decision shall be final. A finding that a teacher was dismissed without sufficient cause shall automatically extend for one year the contract of the teacher involved, during which period of time the board of education and the teacher shall negotiate in an effort to resolve their differences prior to April 10 of the succeeding year."

·

The State Board of Education's decision is the final administrative determination of the matter. It is subject to judicial review under the Administrative Procedures Act. *Adams v. Professional Practices Commission,* 524 P.2d 932, 933 (Okl.1974). The pertinent statute, 75 O.S.1971 § 318(1), (2) provides:

"(1) Any person or party aggrieved or adversely affected by a final order in an individual proceeding, whether such order is affirmative or negative in form, is entitled to certain, speedy, adequate and complete judicial review thereof under this Act, but nothing in this Section shall prevent resort to other means of review, redress, relief or trial de novo, available because of constitutional provisions. Neither a motion for new trial nor an application for rehearing shall be prerequisite to secure judicial review.

"(2) The judicial review prescribed by this Section, as to orders rendered in individual proceedings by agencies whose orders are made subject to review, under constitutional or statutory provisions, by appellate proceedings in the Supreme Court of Oklahoma, shall be afforded by such proceedings taken in accordance with the procedure and under the conditions otherwise provided by law, but subject to the applicable provisions of Sections 19, 20, 21, 22, 23 and 24 of this Act, and the rules of the Supreme Court. In all other instances, proceedings for review shall be instituted by filing a petition, in the district or superior court of the county in which the agency or institution is located in which the property interest affected is situated or the in district court of the county in which the agency or institution is located, within thirty (30) days after the appellant is notified of the order as provided in Section 12 hereof. Copies of the petition shall be served upon the agency and all other parties of record, and proof of such service shall be filed in the court within ten (10) days after the filing of

the petition. The court, in its discretion, may permit other interested persons to intervene."

The United States Supreme Court in *McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) set forth several reasons for the rule of exhaustion of administrative remedies before resort to the courts: Agency decisions frequently require expertise or are discretionary in nature. The agency should be given the first opportunity to either exercise discretion or apply expertise. It is generally more efficient to permit the administrative process to move forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages (the same reasons are the foundation of judicial rules which restrict interlocutory appeals). At page 194, 89 S.Ct. at page 1663 of the opinion the court stated:

"* * * In addition, other justifications for requiring exhaustion in cases of this sort have nothing to do with the dangers of interruption of the administrative process. Certain very practical notions of judicial efficiency come into play as well. A complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene. And notions of administrative autonomy require that the agency be given a chance to discover and correct its own errors. Finally, it is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

Agencies created for regulation of particular subject matter should not be circumvented in cases which raise issues of fact not within the conventional experience of judges or which require the exercise of administrative discretion. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and limited functions of review by the judiciary are more rationally exercised by preliminary resort to the administrative agency for ascertaining and interpreting the circumstances underlying the legal issues to agencies which are better equipped than courts by specialization and insight gained through experience and a more flexible procedure. *Weinberger v. Bentex Pharmaceuticals,* 412 U.S. 645, 654, 93 S.Ct. 2488, 37 L.Ed.2d 235 (1973).

■ The doctrine requiring administrative relief to be sought before resorting to the courts does not require merely the initiation of prescribed administrative remedies, but that they be pursued to their final outcome before judicial intervention is sought. *Aircraft & Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 767, 773, 67 S.Ct. 1493, 1500, 1503, 91 L.Ed. 1796, 1806, 1809 (1947).

■ We are cognizant of the fact that the Administrative Procedures Act provides that nothing in 75 O.S.1971 § 318 shall prevent resort to other means of review, redress, relief, or trial de novo, available because of constitutional provisions. We do not believe this language permits simultaneous resort to the courts for a writ of mandamus and to the administrative agency for the following reasons: (1) Although the power to issue a writ of mandamus by appellate courts under Art. 7 § 4 of the Oklahoma Constitution is constitutional, we have never determined the right to the writ to be a constitutional remedy, rather its relief and the power of the district court to issue the writ are of a statutory nature. See 12 O.S.1971 § 1451, (2) Administrative process of the customary sort is as much due process as is judicial process. Due process of law does not necessarily require the interference of judicial power. It has been held repeatedly that administrative procedure is within the power of the state to provide, and that when opportunity to be heard is given, it satisfies the requirements of due process of

law especially when, as in this case, the right of review in the courts is given. No one has a vested right in any mode of procedure so long as a substantial and efficient remedy is provided, *Crane v. Hahlo,* 258 U.S. 142, 147, 42 S.Ct. 214, 66 L.Ed. 514 (1922); *Public Clearing House v. Coyne,* 194 U.S. 497, 24 S.Ct. 789, 48 L.Ed. 1092 (1904). (3) School authorities have the right and duty to screen teachers as to their fitness to maintain the integrity of the schools as a part of ordered society. Due process is not violated by the allocation of functions between the courts and administrative agencies. The courts exercise complete judicial review of administrative dismissals of school teachers and a dismissal can be sustained if the court finds support for the grounds relied upon by the dismissing school board. *Beilan v. Board of Education of Philadelphia,* 357 U.S. 399, 78 S.Ct. 1317, 2 L.Ed.2d 1414 (1958); (4) A writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of law. Mandamus is an extraordinary remedy resorted to where the usual mode of procedure cannot furnish desired relief. It is only if the statutory remedy is not adequate to protect the rights of the plaintiff that a writ of mandamus may be issued. *Oklahoma Natural Gas Co. v. White Eagle Oil Co.,* 312 P.2d 879 (Okl. 1957); *State v. Swan,* 139 Okl. 204, 281 P. 803 (1929); 12 O.S.1971 § 1452. Mandamus will not lie to review the decision of an administrative board where the effective remedy of judicial review may be had by appeal. *Melton v. City of Durant,* 521 P.2d 1372 (Okl.1974).

■ The presence of constitutional questions coupled with a sufficient showing of inadequacy of prescribed administrative relief and of threatened or impending irreparable injury resulting from delay incident to following the prescribed procedure has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention. However, this rule is not one of mere con-

venience or ready application. Where the intent of the statute clearly requires administrative determination in advance of judicial action a strong showing is required, both of inadequacy of the prescribed procedure and of impending harm to permit short-circuiting of the administrative process. *Aircraft & Diesel Equipment Corp. v. Hirsch,* 331 U.S. p. 773, 67 S.Ct. 1493, supra.

Compliance with the procedures delineated by the pertinent statutes not only accords due process to the teacher, but avoids a multiplicity of suits. The Administrative Procedures Act, 75 O.S.1971 § 322(1)(a)–(d) provides adequate relief for the resolution of any constitutional questions raised in the case at bar by judicial review:

"(1) In any proceeding for the review of an agency order, the Supreme Court or the District or Superior Court, as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law;"

We believe in the case before us an adequate and speedy remedy was supplied by conformity with the applicable statutes, 70 O.S.1973 Supp. § 6–122, 75 O.S.1971 §§ 318, 322.

■ An exception to the rule is a proceeding in federal courts under the provisions of the Civil Rights Act, 28 U.S.C. § 1343, 42 U.S.C. § 1983. These statutes give a federal right of action for the deprivation of any right, privilege or immuni-

ty secured by the U. S. Constitution. Relief under the Civil Rights Act provides a supplemental remedy to any state remedy and relief under the act may not be defeated because of failure to exhaust administrative remedies provided under state law. *McNeese v. Board of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Damico v. California,* 389 U.S. 416, 88 S. Ct. 526, 19 L.Ed.2d 647 (1967); *Bowles v. Robbins,* 359 F.Supp. 249, 256 (D.Vt.1973). These provisions were not exercised in the case before us.

We, therefore, conclude when the statute prescribes a particular method of review of an administrative action a litigant must seek judicial review in the manner prescribed and may not invoke the original jurisdiction of a court by an independent proceeding. An independent action is not permissible where the decision of the agency is judicially reviewable unless it fails to provide an adequate remedy or an action is brought in federal court under the Civil Rights Act.

■■■ We find the trial court was without jurisdiction to issue a writ of mandamus because of the failure by the teacher to utilize the prescribed administrative procedure which afforded a plain, adequate and speedy remedy at law.

■■■ Although appellee raised the question of the applicability of the Open Meeting Law, 25 O.S.1971 § 201, to the meeting of the school board at which the decision was again reached not to renew her contract, violations of this law were not considered determinative of the issuance of the writ. Rather, the court found it not to be necessary to its conclusions. This question was not raised as an issue on appeal by the petition in error, nor was it urged by appellee as the basis of a counter appeal.

■■■ We have consistently held that errors argued in the brief allegedly occurring at the trial which were not presented by the petition in error or by cross petition will not be considered on appeal. *Fowler*

*v. Swank,* 78 Okl. 150, 189 P. 194 (1920); *Ramsey Oil Co. v. Burbage,* 172 Okl. 573, 46 P.2d 538 (1935); *Roberts v. Roberts,* 357 P.2d 980 (Okl.1961).

Reversed.

WILLIAMS, C. J., and DAVISON, LAVENDER and BARNES, JJ., concur.

IRWIN, J., concurs in result.

DOOLIN, BERRY and SIMMS, JJ., dissent.

DOOLIN, Justice (dissenting).

The majority bases its decision to reverse the Court of Appeals and thus the trial court, on Mary Jane's failure to exhaust her administrative remedies. If this rule of administrative law is followed, Mary Jane was precluded from seeking relief through the district court because she did not appeal the decision of the Professional Practices Commission to the State Board of Education.

This well settled law of exhaustion of remedies consists of many exceptions. Premature judicial review is permitted if the question of substantive or procedural due process is raised if there is a constitutional question that will remain no matter what the agency does, *Public Utilities Commission v. U. S.,* 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958); if the appeals would be futile, *Wolff v. Selective Service Board No. 16,* 372 F.2d 817 (2d Cir. 1967); or if the agency actions could cause irreparable injury to the party, *Isbrandtsen Co. Inc. v. United States,* 93 U.S.App.D.C. 293, 211 F.2d 51 (1954).

The Harrah School Board's rules provided only that if Mary Jane did not continue her education past her Bachelor's degree she would not be granted a salary increment. There was no provision in these rules or in her contract that would give her notice that non-renewal of her contract was the penalty for her failure to return to school. She was notified by letter on September 13, 1973, after her contract was signed and after the school year had com-

menced that her contract would not be renewed the following year if she did not continue her schooling. Mary Jane argues that this addition of an unwritten penalty of nonrenewal is a violation of due process. She claims the Harrah Board was without legal authority in refusing to renew her contract on a ground not stated in the statutes, her contract or the published rules of the Board.

The trial court, upheld by the Court of Appeals found that this was a violation of due process in that anything as drastic as non-renewal of a tenured teacher's contract should be in the rules and in her contract.

The majority holds that the trial court did not have jurisdiction to decide this question and that her only recourse was through the statutory procedures of appeal provided in the statute. I do not agree.

An opinion by our Attorney General, #73–267 issued September 11, 1973, specifically advises us that "procedural due process questions are not properly before the State Board of Education or the Professional Practices Commission acting pursuant to said section (70 O.S. 6–122), such questions being left to the courts. The only issue before them is whether or not sufficient cause existed for her non-renewal."

If the Professional Practices Commission may not decide the due process issues, and the majority holds today that Mary Jane is precluded from seeking relief through our courts, who then may consider the due process issues she has raised?

The facts in this case are undisputed. Mary Jane did not return to school. The Harrah School Board claims her failure to continue her education is willful neglect of duty. Mary Jane has been a teacher for twelve years. There is no contention by the Board that Mary Jane is not a good teacher. Both parties agree that she has outstanding ability and handles her duties very satisfactorily. Only questions of law remain. No exhaustion of remedies is required in respect to questions of law. *No-*

*lan v. Fitzpatrick*, 9 N.J. 477, 89 A.2d 13 (1952). *The doctrine of exhaustion of remedies is neither jurisdictional nor an absolute requirement.* If the issues raised are purely legal and the facts raising the issue are undisputed, an action should not be dismissed for failure to exhaust administrative remedies. See *Merry Heart Nursing and Convalescent Home Inc. v. Dougherty,* 131 N.J.Super. 412, 330 A.2d 370 (1974).

The majority quotes at length from *McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). The petitioner in that case had failed to take an administrative appeal and the government argued that this prevented him from obtaining any judicial relief even though it was not too late to go back and repair the error by asking for an appeal. *However, because of the extreme harshness of the rule, the Court did not require exhaustion of remedies and granted him relief.*

As the majority states, one of the reasons listed in *McKart* for requiring exhaustion of remedies is that administrative agencies have special expertise in their field. But in our case the issues before us concern questions of law which are not peculiarly within the expertise of the Commission and State Board of Education. See *Thomas v. Bergen County Welfare Board,* 122 N.J.Super. 371, 300 A.2d 575 (1973).

In *Lovelace v. Ingram,* 518 P.2d 1102 (Okl.1973), a case similar to this one, this Court granted a writ of mandamus against the Hinton Board of Education requiring it to reinstate a tenured teacher for the following school year. The writ of mandamus was considered the proper remedy to raise the issue of sufficient cause and due process. See French, Oklahoma's Tenure Law: Revisited 45 O.B.J. 473 which upholds this view.

We realize that the statute has been amended since *Lovelace.* 70 O.S. (Supp. 1973) 6–122 contains a provision that on appeal if the Board finds that a teacher was dismissed *without sufficient cause* the

contract shall be automatically extended for one year. This still does not encompass the issues of due process and would not alter the holding that only a court of law has the authority to rule on the due process issue. The commission is still limited to questions of cause.

A teacher is a government employee and his interest in his continued employment is a protectible "property interest" and therefore, any termination is subject to procedural and substantive safeguards. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Being fired for willful neglect of duty places a stigma on Mary Jane and this too could be an infringement of "liberty and hence due process." See *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Every person should be afforded the opportunity to challenge, in a court of law, the deprivation of his constitutional rights by any governmental agency even a local school board.

As a tenured teacher Mary Jane has a right to have her contract renewed ad infinitum. Even with the extension provision added in the 1973 amendment, all the State Board of Education may do is renew her contract for *one year*. Thus this route of administrative appeal is inadequate to protect her right to continued employment.

As a tenured teacher non-renewal is not the denial of a privilege but a revocation of a right. Statutes which impair constitutional rights, like criminal statutes must always be rigidly construed. Non-renewal provisions being penal in nature must give fair warning of the exact conduct which is outlawed. Rules must be reasonable. This is the essence of substantive due process. Otherwise, a school board could arbitrarily add new rules and new penalties to the regulations already existing at the time the teacher's contract was signed, and then use a teacher's failure to conform to these as a basis for termination and call it "willful neglect of duty."

In an old case, *School District No. 25 of Blaine County v. Bear*, 106 Okl. 172, 233 P. 427 (1925) a school teacher had entered into a contract such as Mary Jane's where she agreed to observe the rules and regulations prescribed by the school board. After teaching for a period of three months, she was discharged for failing to do the janitor work. The school board claimed that this refusal to build fires and sweep the school house was "incompetence and negligence" which were the statutory grounds for dismissal at that time. The Court held that since there was no such stipulation in the contract, her refusal was not grounds for dismissal.

The penalty of removing Mary Jane's livelihood is most harsh. If failure to continue one's education is to be considered willful neglect of duty it must be spelled out clearly, otherwise, the rules of the school board are ambiguous and subject to close constitutional scrutiny as to their validity.

As the Court of Appeals opinion said in our case, "No factual question relating to cause is present. The questions are legal in nature—the validity of the penalty provision and the authority of the board." These are questions for a court of law to decide, not an administrative agency. The district court decided these questions in Mary Jane's favor and we feel that it was the proper place for them to be aired.

One immediate effect of the majority opinion is to grant to the Board of Education, a purely administrative body, judicial power to determine constitutional question of procedural and substantive due process. The State Board of Educations' make up is fixed by statute 70 O.S.1971 § 3–101, its duties are not judicial or quasi judicial 70 O.S.1971 § 3–104; it is ill equipped to venture into the troubled waters of due process in any degree. To us the majority opinion has the effect of delegating judicial power to an administrative agency unauthorized to exercise same.

After carefully reviewing and considering the legal questions and weighing the evidence, I find no error in the Court of Appeals' opinion.

I am authorized to state Justices BERRY and SIMMS concur in this dissenting opinion.