JOHN J. MANYON, PROSECUTOR. v. H. NORMAN SCHWARZKOPF, RESPONDENT.

Argued July 17, 1924—Decided September 20, 1924.

1. By virtue of the State Police act (*Pamph. L.* 1921, *ch.* 102, as amended by *Pamph. L.* 1922, *ch.* 271) the superintendent of state police has power to remove a corporal from office in the department, for sufficient cause, upon charges and after notice and a hearing.

2. Insulting and insolent and disrespectful language addressed by a corporal of the state police to his superior officer and troop commander while on duty, immediately followed by his refusal to obey a lawful order, given to him by such officer, constitute sufficient cause for the removal of the corporal from office in the state police department.

3. An order made by the superintendent of the state police, removing a corporal from his office in the department upon charges and after notice and a hearing, as provided by the State Police act (*Pamph. L.* 1921, *ch.* 102, as amended by *Pamph. L.* 1922, *ch.* 271), will not be set aside if the proceedings were had in conformity to the statute, and the testimony adduced at the hearing afforded a rational basis for the judgment against him.

4. Where a corporal of the state police, while on duty, invited his captain and troop commander into a room, closed the door behind them, and then threatened to do him physical violence, and was preparing to put that threat in execution, neither the fact that the captain then struck him with his fist, nor the fact that theretofore the captain had reprimanded him in language harsh and perhaps profane, will justify setting aside his conviction by the

superintendent of the state police and the order removing him from office, upon charges of having, immediately after such altercation, refused to obey the captain's order to relinquish his command, and addressing to the captain insulting and insolent and disrespectful language.

5. The mere fact that the superintendent of the department of state police, following a preliminary and informal investigation of an altercation between a captain and a corporal, and before the formal charge of insubordination was made against the corporal, requested the latter's resignation, did not disqualify the superintendent to sit as a judge at the formal hearing of the charge, he being otherwise qualified to sit, as required by the State Police act. *Pamph. L.* 1921, *ch.* 102, as amended by *Pamph. L.* 1922, *ch.* 271.

6. Upon the trial of a charge against a corporal of the state police before the superintendent of the department, pursuant to the powers conferred by the State Police act, the exclusion of a letter written by the corporal to the superintendent before the charge was made upon which he was tried, in reply to the superintendent's request for his resignation, was not erroneous, since it was not in reply to the charge, and not in and of itself evidential in behalf of the corporal on the trial of the charge.

On *certiorari,* &c.

Before Justice TRENCHARD, sitting alone pursuant to the statute.

For the prosecutor, *Martin P. Devlin.*

For the respondent, *Edward L. Katzenbach,* attorney-general, and *Francis H. McGee.*

The opinion of the court was delivered by

TRENCHARD, J. This writ brings up for review the conviction and removal from office of Corporal John J. Manyon, of Troop "B" of the New Jersey State Police Department, the prosecutor of the writ.

The charge was made by Major Kimberling, the adjutant of the department. It was in writing, and to the effect that Manyon, at a stated time and place, had used "insulting and insolent and disrespectful language" (the exact words being set forth) to Captain Weinmann, his superior officer and

troop commander, who was then in the execution of his office, and then and there refused to obey an order, given him by Captain Weinmann, to relinquish his command as corporal of the detachment at Washington, N. J.

The charge was duly heard, after ample notice, by Colonel Schwarzkopf, the superintendent of the state police, pursuant to the powers conferred by the State Police act (*Pamph. L.* 1921, *ch.* 102, as amended by *Pamph. L.* 1922, *ch.* 271), section 3 whereof declares, among other things, that "all of the officers and troopers of the state police force enumerated in this section shall be appointed or reappointed by the superintendent of the state police for a period of two years, and shall be removable by him after charges have been preferred and a hearing granted," &c.

The superintendent found Manyon guilty as charged, and made the order of removal brought up for review.

My examination of the record, in the light of the argument of counsel, leads me to the conclusion that this court should not interfere.

Under the statute the superintendent of the state police has power to remove a corporal for sufficient cause, upon charges and after notice and a hearing.

It is admitted that the rules of the department, with which Manyon was familiar, required prompt obedience to all lawful commands.

Insulting and insolent and disrespectful language used by a corporal of the state police to his superior officer and troop commander while on duty, immediately followed by his refusal to obey a lawful order, given to him by such officer, constitute sufficient cause for the removal of the corporal from office in the state police department. *Alcutt* v. *Police Commissioners,* 66 *N. J. L.* 173.

But the prosecutor contends that his removal was not justified by the facts and circumstances disclosed by the evidence.

Now, an order made by the superintendent of the state police, removing a corporal from his office in the department upon charges and after notice and a hearing, as provided by

the State Police act (*Pamph. L.* 1921, *ch.* 102, as amended by *Pamph. L.* 1922, *ch.* 271), will not be set aside if the proceedings were had in conformity to the statute, and the testimony adduced at the hearing afforded a rational basis for the judgment against him. *Reilly* v. *Jersey City*, 64 *N. J. L.* 508; *Devault* v. *Camden*, 48 *Id.* 433.

Tested by that rule, the evidence produced before the superintendent supports the conviction and order which rest upon it.

The prosecutor admits the use of the insulting and insolent and disrespectful language specified in the charge. He also admits that he refused to obey the order likewise specified. His argument is that such language and conduct were justified because, as he contends, his commanding officer was drunk, and had insulted and struck him with his fist.

The superintendent found that Captain Weinmann was not drunk, but sober, and the evidence amply justifies that finding. It further discloses that when the captain, in the performance of his duty, called at the Washington station, where Corporal Manyon was on duty, they had an altercation, in which the captain reprimanded the corporal for his official conduct, of which he disapproved, using harsh and perhaps profane language. It disclosed that thereafter the corporal invited the captain into another room, closed the door behind them, and then threatened to do the captain physical violence, and was preparing to put that threat in execution when the captain struck him with his fist, and further physical encounter followed. Immediately thereafter the captain ordered Manyon to relinquish his command as corporal of the detachment, which order he refused to obey, and used to the captain the insulting and insolent and disrespectful language set forth in the charge. In these circumstances, neither the fact that the captain struck him nor the fact that theretofore the captain had used the language that he did, will justify setting aside the conviction and removal of the prosecutor. The order to relinquish his command was a lawful order when given, and it should have been obeyed until it was rescinded by proper authority.

The prosecutor further contends that he did not receive a fair trial, because, after a preliminary and informal investigation, but before the formal charge was made, the superintendent requested the resignation of the prosecutor.

But the mere fact that the superintendent, following a preliminary and informal investigation of the altercation, and before the formal charge of insubordination was made against the corporal, requested the latter's resignation, did not disqualify the superintendent to sit as judge at the formal hearing of the charge, he being otherwise qualified to sit, as required by the State Police act. Such is the effect of our decision in *Reimer* v. *Freeholders of Essex,* 96 *N. J. L.* 371; *affirmed,* 97 *Id.* 575. There the board of chosen freeholders appointed three of its members a committee to investigate certain charges against the prosecutor, who held the position of county engineer, and they reported to the board that he had been derelict in the performance of his duties, and that he be requested to resign. The board preferred charges, and fixed a day for the hearing, of which prosecutor was given notice, and at the hearing objected to the right of the investigating committee to sit as members of the board and participate in the hearing as judges. One of the committee withdrew and the other two participated. It was held that the members of the reporting committee were not disqualified to sit, they having no personal or pecuniary interest in the result. See, also, *Crane* v. *Jersey City,* 90 *Id.* 109; *affirmed,* 92 *Id.* 248.

Lastly, it is urged that the conviction and order of removal should be set aside because the superintendent erred in refusing to admit in evidence at the trial a letter, written to him by the prosecutor in reply to the superintendent's request for his resignation.

But I think that action was not erroneous. The letter was written before the charge was made upon which the prosecutor was tried. It was therefore not in answer to the charge, and, hence, was not in and of itself evidential in his behalf upon the trial of the charge.

In my judgment the prosecutor was charged with conduct justifying his dismissal, and after due notice was duly and fairly tried before the proper authority as required by the statute, and was found guilty upon evidence which formed a rational basis for the judgment against him.

The judgment and order of removal were therefore legal, and must be affirmed, with costs.