85 N.J. Super. 152 (1964)
204 A.2d 209
IN THE MATTER OF THE HEARING BEFORE A SUMMARY COURT OF THE CHARGES AGAINST STATE TROOPER PETER A. BERNADUCCI (AND 21 OTHERS).
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1964.
Decided October 19, 1964.
*153 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Harvey Smith argued the cause for appellants.
Mr. John W. Hayden, Jr., Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General, attorney).
PER CURIAM.
This is a joint appeal by 22 state troopers  two of them sergeants  from orders entered by the Superintendent of State Police suspending them from active duty. Twenty troopers received a suspension of seven days each, and the two sergeants ten days each.
The matter is presented upon an agreed statement in lieu of record. There is no dispute as to the relevant facts. During the months of August and September 1962 appellants were assigned to duty on the New Jersey Turnpike. A contractor who was constructing a new turnpike interchange employed them as truck checkers. The troopers did not seek or obtain permission from the Superintendent of State Police before accepting such employment. This was in violation of paragraph 32, section 19 ("General Rules and Regulations") of the New Jersey State Police Rules and Regulations, which reads:
"All members of the Department shall keep themselves physically fit and subject to duty at all times, except when on sick report. They shall devote their entire time and attention to the service of the *154 Department and shall not engage in any other business or calling except on written permission of the Superintendent."
Appellants were individually served with charges specifically alleging violation of the quoted rule. There followed departmental hearings before a summary court officer, at which the troopers were represented by counsel. They were subsequently found guilty, each being served with a copy of a personnel order based on the findings of the summary court officer and approved by the Superintendent. These orders are the subject of the present appeal.
The sole issue here is whether the rule which appellants concededly violated is invalid because it does not specifically prescribe standards to guide the Superintendent in granting or denying permission to engage in outside employment. Appellants contend that our decision in Isola v. Belmar, 34 N.J. Super. 544 (1955), is dispositive of their claim.
Isola involved, as plaintiffs, members of a local municipal police force, enjoying Civil Service status, whose rights had been affected by an ordinance adopted after they were employed. Here we deal with the Division of State Police, a state agency (as the Attorney General points out) somewhat akin to a branch of the armed services, in which applicants enlist and agree to be members and abide by the Division regulations and discipline 24 hours a day during their tenure. The Legislature has given the Superintendent, subject only to the approval of the Governor, the right and duty to make all rules and regulations for the discipline and control of the State Police. R.S. 53:1-10. The Superintendent has power to appoint troopers and officers and to remove them  all without reference to standards except that removal shall be after charges preferred and a hearing granted. R.S. 53:1-8. Once appointed, a member of the State Police may not voluntarily withdraw therefrom without the Superintendent's consent, and to do so is a misdemeanor. R.S. 53:1-11. Here, again, the Legislature has established no standards for the giving of such consent. So, too, as to the provisions of N.J.S.A. 53:1-9.1, authorizing the Superintendent to grant a leave of *155 absence, without pay, to any officer, trooper or other member of the State Police, to go on special duty with the Federal Bureau of Investigation.
Pursuant to the authority granted him, the Superintendent has promulgated rules and regulations for the violation of which a member of the Division may suffer dismissal, suspension without pay for unspecified periods, or other unspecified disciplinary action. State Police Rules and Regulations, § 19, par. 2; § 16, par. 10; § 17, par. 16. The rules further provide for hearings, either before the Superintendent, the equivalent of a general court-martial (§ 16), or before a "summary court" (§ 17). Our examination of the rules and regulations promulgated by the Superintendent fully illustrates the quasi-military nature of the State Police and the absolute discretion delegated to the Superintendent in administering the Division, subject only to the Governor's approval. Further, and as the Attorney General has convincingly demonstrated in his brief, many of the State Police rules and regulations restricting troopers and officers contain a qualification like that set out in paragraph 32, section 19, quoted above, permitting the prohibited activity only where the prior consent of the Superintendent has been obtained. In no instance is the method of obtaining this consent expressly set forth.
In ascertaining the presence of standards and norms to support delegated powers we are not confined to the four corners of the particular section in question, but are obligated to examine the entire act in the light of its setting and objectives. Standards need not be set forth in express terms if they may reasonably be inferred from the statutory scheme as a whole. In re Berardi, 23 N.J. 485, 491 (1957), affirming Berardi v. Rutter, 42 N.J. Super. 39 (App. Div. 1956). The delegation of such broad general powers as those given the State Police Superintendent is well recognized as being within the scope of modern administrative law. Moyant v. Paramus, 30 N.J. 528, 553 (1959); and see Esso Standard Oil Co. v. Holderman, 75 N.J. Super. 455, 474 (App. Div. 1962), affirmed per curiam 39 N.J. 355 (1963).
*156 We are not at all persuaded by appellants' argument addressed to lack of standards in paragraph 32, section 19, in the light of our reading of Title 53 ("State Police") of the Revised Statutes in its entirety. The Division has been set up as an effective law enforcement agency on the state level. Paragraph 32, section 19 itself indicates that the Division's efficiency and effectiveness can only be maintained if its members "keep themselves physically fit and subject to duty at all times, except when on sick report." The primary objective of the entire set of State Police rules and regulations is to assure that every member of the force is prepared for and available for duty. It would be essential that no outside employment obstruct such a goal. To this end, it would appear reasonable to vest in the Superintendent the power to decide the extent to which a given employment would be undesirable.
As our highest court indicated in Moyant and in cases preceding it, standards need not always be explicit; the entire enactment, viewed in the light of its surroundings and objectives, may be looked to for the purpose of deciding whether there are standards and if they suffice. As Justice Hall said in that case, "Much must necessarily depend on the nature of the determination involved and the official or body to whom the power is delegated."
We have not overlooked the fact that appellants at no time attempted to avail themselves of the exception contained in paragraph 32, section 19, by seeking permission of the Superintendent to engage in outside employment. Despite this, we have chosen to deal with appellants' single contention on its legal merits.
The orders under appeal are affirmed.