119 N.J. Super. 272 (1972)
291 A.2d 148
DAVID B. KELLY, SUPERINTENDENT, DIVISION OF STATE POLICE OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN L. STERR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 1972.
Decided May 26, 1972.
*273 Before Judges LEWIS, HALPERN and LORA.
Mr. Patrick T. McGahn, Jr., argued the cause for appellant.
Mr. Michael R. Perle, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
PER CURIAM.
Appellant Sterr was found guilty on three specified charges of violating the General Rules and Regulations of the Department of the State Police. He was suspended without pay and allowances for two weeks. He appeals from that determination.
Appellant was tried at a departmental hearing by State Police Captain George R. Quinn, a summary court officer appointed for that purpose by the Superintendent of the State Police. The hearing was held at State Police Troop (A) Headquarters in Hammonton, New Jersey. Appellant *274 was represented by counsel, but the general public was excluded from the hearing.
Appellant seeks to reverse his conviction upon the ground that he was deprived of the right to a public trial. He argues that the hearing was a quasi-judicial proceeding and that a public trial is mandated by the N.J. Const. (1947), Art. I, par. 10, which provides in relevant part that "In all criminal prosecutions the accused shall have the right to a speedy and public trial * * *." He cites no New Jersey authority for his contention (nor have we found any), but argues that fundamental fairness requires it. We disagree, and hold that an administrative hearing of this type is not a criminal proceeding requiring a trial at which the general public must be admitted. It is nothing more than an inquiry into appellant's actions to determine whether he violated departmental regulations and, if he did, to impose appropriate sanctions within designated limits.
He further contends that "there is no evidence that the hearing officer was qualified to conduct the hearing." He combines this allegation with the vague statement that the officers who investigated the case, as well as the officer who heard and decided the case, were members of the New Jersey State Police. The intimation is that it resulted in his not receiving a fair trial, even though the hearing officer did not participate in the investigation. Again, he cites no New Jersey authority for his contention, nor does he show any resulting prejudice.
The hearing officer was appointed pursuant to legislative authority, and his findings reviewed and concurred in by the appropriate reviewing authority. Except where the Legislature has otherwise provided, such has traditionally been the accepted practice in administrative hearings, and we see no infirmity therein. See In re Bernaducci, 85 N.J. Super. 152 (App. Div. 1964), certif. den. 44 N.J. 402 (1965) and cases cited therein; Zober v. Turner, 106 N.J.L. 86 (E. & A. 1930). Absent a showing that the hearing officer was not qualified to conduct the hearing, that *275 he was prejudiced or otherwise disqualified from presiding, his designation is not open to challenge. We cannot sanction such proofs being elicited by counsel, at time of hearing, by cross-examining the designated hearer. In any event, our examination of the record clearly indicates he was eminently qualified.
What appellant is really complaining about in the two issues herein discussed is that the hearing did not comport with due process. We strongly disagree. Appellant was a member of the New Jersey State Police force which was duly established by the Legislature; the General Rules and Regulations which he allegedly violated were promulgated in accordance with legislative authority; he was notified of the charges made against him; he was represented by counsel; he had the opportunity to be heard and be confronted with the witnesses against him; he had the opportunity to cross-examine all witnesses, and a factual determination was made so that he is able to pursue a meaningful appeal. We find that procedural due process, in its fullest sense, has been complied with and appellant has received a fair trial. Groppi v. Leslie, 404 U.S. 496, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972); Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); Tibbs v. Board of Ed., Franklin Tp., 59 N.J. 506 (1971); In re Bernaducci, supra, 85 N.J. Super. at 154-155.
Finally, appellant contends "the evidence does not support the findings and sentence * * *." We have carefully reviewed the entire record and conclude there was sufficient substantial evidence therein to support the findings and conclusions. Atkinson v. Parsekian, 37 N.J. 143, 149 (1962); Manyon v. Schwarzkopf, 100 N.J.L. 22, 24-25 (Sup. Ct. 1924).
Affirmed.