131 N.J. Super. 412 (1974)
330 A.2d 370
MERRY HEART NURSING AND CONVALESCENT HOME, INC., PLAINTIFF-APPELLANT,
v.
WILLIAM J. DOUGHERTY, ACTING COMMISSIONER, N.J. STATE DEPARTMENT OF HEALTH; HEALTH CARE ADMINISTRATION BOARD OF THE DEPARTMENT OF HEALTH, STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1974.
Decided December 4, 1974.
*414 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Leonard A. Coyle argued the cause for appellant.
Mr. Jonathan Weiner, Deputy Attorney General, argued the cause for respondents (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
*415 The opinion of the Court was delivered by BISCHOFF, J.A.D.
Plaintiff-appellant operates a private nursing home in Succasunna, Roxbury Township, Morris County, and has a licensed capacity of 61 beds. On March 21, 1972 plaintiff submitted an application to the New Jersey Department of Health pursuant to N.J.S.A. 26:2H-10, seeking a certificate of need granting permission to add 34 beds to its facilities. By letter dated August 15, 1972 the Commissioner of the Department of Health informed plaintiff he was recommending to the Health Care Administration Board (HCAB) that this application be denied for the reason that there was no need for additional beds of this type in the region where plaintiff's facilities were located. Plaintiff requested and was granted a hearing pursuant to N.J.S.A. 26:2H-9, which was held February 6, 1974. The only issue litigated at the hearing was whether there was a need for additional beds in plaintiff's region.
The record of the hearing indicates that a state plan for health care services pursuant to N.J.S.A. 26:2H-1 et seq. was published in the New Jersey Register March 9, 1972. This plan contained data compiled through March 31, 1971. Prior to 1973 the plan used for the purposes of this statute was the one developed for participation in the Hill-Burton Program pursuant to 42 U.S.C.A. § 291d. The plan was reviewed annually thereafter pursuant to 42 U.S.C.A. § 291d(a)(12). The plan published on March 9, 1972 showed a need in plaintiff's region for 336 additional beds of the type which it proposed to furnish. The plan was thereafter updated annually, the first update being June 29, 1972 (after plaintiff's application was filed). However, this update was not published in the New Jersey Register as was the original plan. From the time of the compilation of the first plan to the update of June 29, 1972, 460 beds had been added in plaintiff's region, resulting in an excess of available beds and eliminating the need for the construction of additional facilities. On objection to this evidence the hearing officer ruled that plaintiff's petition for a certificate *416 of need was to be judged on the basis of statistics reflected in the plan published on March 9, 1972, and not on the basis of unpublished updated information available as of June 29, 1972. He accordingly recommended to the Commissioner of Health that a certificate of need be issued to plaintiff.
Respondent moved before the HCAB to vacate the recommendations of the hearing officer and for a remand to the hearing officer to permit introduction into evidence of statistics developed after the publication of the plan in March 1972. Respondent made a proffer of facts to the HCAB which it sought to introduce on the remand. This proffer included the following: that on June 29, 1972 the Department's Office of Health Facilities Services Board updated the figures in the 1971 state plan; that "these updated figures on available services and facilities, their usage and other numerical information provided in the state plan were sent to regional planning agencies having the responsibility of reviewing certificate of need applications at the local level; "that these figures were available to any member of the public wishing to read them, in compliance with N.J.S.A. 47:1A-1 et seq., the Right to Know Act; that plaintiff's region "now had an excess of 128 more skilled nursing beds than necessary"; that several planning bodies had recommended that plaintiff not be granted a certificate of need on the basis of current information; that the state plan was again updated on October 1, 1972, with the resulting statistics being made available to regional agencies and the public; that updating of the statistics continues on a quarterly basis and that the 1973 state plan, which was published in the New Jersey Register on May 10, 1973, provides for quarterly and annual updates.
Plaintiff objected to respondents' motion before the HCAB on jurisdictional grounds[1] and on grounds that the HCAB *417 could not properly consider evidence contained in the proffer of respondent as it was not in the record made before the hearing officer. The HCAB ruled that the record developed before the hearing officer did not contain sufficient competent evidence to permit it to reach a final determination and remanded the matter to the hearing officer with directions to accept testimony regarding the update of the plan.
Plaintiff appeals from that decision.
We note preliminarily that plaintiff appeals from an interlocutory order. Plaintiff should have applied, pursuant to R. 2:2-4, for leave to appeal. We grant such leave nunc pro tunc and proceed to a consideration of the merits.
While this appeal was pending respondent moved to dismiss it on the ground plaintiff had not exhausted its administrative remedies; specifically, that the hearing provided by the Director's order of remand had not been held. The motion was dismissed. Respondent again urges that contention and again we reject it. The doctrine of exhaustion of administrative remedies is neither jurisdictional nor an absolute requirement. "Where the disposition of a matter depends solely upon the decision of a question of law, the interests of justice do not require the exhaustion of administrative remedies before resort may be had to the courts." Caldaro v. Ferber, 74 N.J. Super. 128, 132 (App. Div. 1962), rev'd on other grounds, 39 N.J. 314 (1963); Nolan v. Fitzpatrick, 9 N.J. 477, 486-487 (1952). The issues raised by this appeal are purely legal and the facts raising the issues are undisputed.
The basic contention of plaintiff is that the admission of updated statistics in the remanded hearing would deprive it of due process of law, for to do so would be to admit into evidence an invalid amendment to the state plan not properly promulgated by publishing, filing with the Secretary of *418 State, or by otherwise proceeding in accordance with the Administrative Code.
It is clear that an amendment to any agency rule must be published and filed with the Secretary of State in order to be effective. N.J.S.A. 52:14B-2(e); N.J.S.A. 52:14B-5; Glaser v. Downes, 126 N.J. Super. 10, 18-19 (App. Div. 1973), certif. den. 64 N.J. 513 (1974).
The parties agree that the only change from the published plan by the update of June 1972 is statistical; thus the central issue becomes whether the change in the plan to reflect current statistical data is such an amendment as to require the agency to pursue formal amendment procedures before it can utilize the current information.
We conclude it is not required to do so. The statute in question, N.J.S.A. 26:2H-1 et seq., establishes a comprehensive plan to carry out the stated public policy that "hospital and related health care services of the highest quality, of demonstrated need efficiently provided and properly utilized at a reasonable cost are of vital concern to the public health." In this connection, the Commissioner is directed to "cause appropriate surveys and studies to be made concerning the need for health care facilities and keep current records and statistics thereon by designated areas or regions of the State." N.J.S.A. 26:2H-8 (emphasis supplied).
The purpose of the state plan is to determine the needs of each region for various types of health care facilities covered by the statute and by comparison with available facilities make a determination concerning additional requirements for each region. It is obvious that construction of new facilities on the one hand, or destruction or closure of existing facilities on the other, effects an immediate change in the needs of the region. Statistics of this type are not static but change from time to time and must be brought up to date. We see no merit to the argument that whenever a statistical change occurs the plan must be amended with the same formality as that which attended its original *419 promulgation. The Commissioner would be derelict in his duty if he did not take into consideration the latest available information in passing on an application for a certificate of need and would be acting contrary to the very intent and purpose of the statute. This same rule should prevail whether changes in statistics indicate the needs of the region have been filled and no additional beds are necessary, or that additional beds have become necessary in order to provide a region with needed health care facilities.
Plaintiff is clearly entitled to "due process of law" in the determination of its application for a certificate of need. However, there is no one form of hearing applicable to all types of administrative proceedings. Present-day concepts of due process require simply that one be given a full opportunity to be heard at a "meaningful time and in a meaningful manner" before any official action is taken, Avant Industries Ltd. v. Kelly, 127 N.J. Super. 550, 553 (App. Div. 1974), and strict adherence to technical rules of evidence is not required. D'Amico v. Blanck, 85 N.J. Super. 297 (App. Div.), certif. den. 43 N.J. 448 (1964).
Plaintiff's due process rights are fully protected if updated information is used to pass upon its application. The current statistical data is available for inspection at the office of the Director. Further, plaintiff may test the reliability of departmental information at the hearing by examination and cross-examination of witnesses and may introduce its own evidence  statistical or otherwise  on the needs of a region. The determination of the Commissioner following such a hearing will then be based upon the consideration of all current available evidence.
For the first time on this appeal plaintiff launches an attack upon the statute on constitutional grounds. Specifically, plaintiff contends:
1. The "Legislature is without authority to regulate the growth and expansion of private proprietary nursing homes," and
*420 2. The statutory authorization to the Commissioner to issue "Certificates of Need based upon standards promulgated by the Commissioner is an unlawful delegation of legislative power."
There is a strong presumption in favor of constitutional validity of a statutory scheme of regulation and "factual support for legislative judgment is to be assumed." Independent Electricians and Electrical Contractors Ass'n v. N.J. Bd. of Examiners, Electrical Contractors, 48 N.J. 413, 423 (1967).
Plaintiff submits no factual proofs in support of its constitutional attack and has made no effort to carry the burden imposed on one challenging the validity of a legislative enactment to make a contrary showing. It is clear that apart from a factual showing, a challenger may rely on the face of the act or upon facts of which judicial notice may be taken to shift to the defender of the statutory scheme the burden of coming forward with affirmative factual proof in support of the statutory scheme. Id. at 424. However, plaintiff has failed to demonstrate any factual or legal basis in support of its contention that the statute constitutes an illegal exercise of power other than a citation to the case of In re Certificate of Need for Aston Park Hospital, Inc., 282 N.C. 542, 193 S.E.2d 729 (1973).
Examination of the statute under consideration therein discloses sufficient differences in the statutory scheme to make the holding of that case inapposite. Moreover, we find the holding of that court not persuasive and at variance with the law of this State.
The power of the State to legislate in the field of public health is no longer open to question. Williamson v. Lee Optical, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). There are many illustrations of the valid exercise of legislative and judicial control over the various facets of medical, hospital and health care practices and facilities, and this without regard to whether they are private or public. *421 Abelson's, Inc., v. N.J. State Board of Optometrists, 5 N.J. 412 (1950); Greisman v. Newcomb Hospital, 40 N.J. 389 (1963); cf. Borland v. Bayonne Hospital, 122 N.J. Super. 387 (Ch. Div. 1973).
We hold that the certificate of need requirement of N.J.S.A. 26:2H-1 et seq. is a valid exercise of the police power vested in the Legislature to regulate in the area of public health.
The final argument of plaintiff is that the provision of N.J.S.A. 26:2H-9 authorizing the issuance of certificates of need by the Commissioner in accordance with "the provisions of this act and based upon criteria and standards therefor promulgated by the Commissioner" is illegal. It argues that the statutory provision delegates to the Commissioner unbridled discretion to establish his own standards and constitutes an unlawful abdication by the Legislature of its duty to establish standards. We find this contention to be without merit. N.J.S.A. 26:2H-1 establishes the policy to be followed. N.J.S.A. 26:2H-8 establishes five general criteria for the issuance of certificates of need in the following areas:
1. The availability of other facilities or services which may serve as alternatives or substitutes;
2. The need for special equipment and services in the geographical area of the applicant;
3. The possible economies and improvements which could result from the operation of joint central services;
4. The adequacy of financial resources of the applicant, and
5. The availability of sufficient manpower in the several professional disciplines.
Many cases today sustain standards of legislative delegation no more certain and much less definitive than the one contained in the statute under consideration. Siccardi v. State, 59 N.J. 545 (1971); Wes Outdoor Advertising Co. v. Goldberg, 55 N.J. 347 (1970); Spiegle v. Beach Haven, 46 N.J. 479, cert. den. 385 U.S. 831, 87 S.Ct. 63, 17 L.Ed.2d 64 (1966); and Cammarata v. Essex County Park Comm'n, 26 N.J. 404 (1958).
*422 We find no unconstitutional delegation of authority.
The decision of the Commissioner to remand for a rehearing is affirmed, such rehearing to be conducted consistent with the principles established herein. We do not retain jurisdiction.
NOTES
[1] Plaintiff contended that the HCAB had no jurisdiction to entertain respondent's motion because N.J.S.A. 26:2H-9 required the HCAB to reach a determination within 30 days, and more than 30 days had passed since the hearing examiner filed his report. This procedural objection has apparently been abandoned on this appeal.