**Loretta GOODIN, d/b/a Wetumka Nursing Home, Plaintiff,**

v.

**STATE OF OKLAHOMA ex rel. OKLAHOMA WELFARE COMMISSION, DEPARTMENT OF INSTITUTIONS, SOCIAL AND REHABILITATIVE SERVICES, and State of Oklahoma ex rel. Oklahoma Health Planning Commission, and R. Leroy Carpenter, M. D., Robert D. McCullough, D. O., Eugene A. Owens, M. D., W. A. "Tate" Taylor, Harold A. Toaz, L. E. Rader, and Hayden H. Donahue, M. D., Defendants and Third-Party Plaintiffs,**

v.

**F. David MATHEWS, Secretary of the United States Department of Health, Education and Welfare, and the United States Department of Health, Education and Welfare, Third-Party Defendants,**

v.

**The OKLAHOMA STATE NURSING HOME ASSOCIATION, Intervenor.**

**No. CIV-75-0896-D.**

United States District Court, W. D. Oklahoma.

June 21, 1977.

Thomas R. Williams, Guthrie, Okl., Stephen Jones, Enid, Okl., for plaintiff.

Larry Derryberry, Atty. Gen., by Robert Chase Gordon and James R. Barnett, Asst. Atty. Gen., Oklahoma City, Okl., for defendants and third party plaintiffs.

John E. Green, Acting U. S. Atty., Oklahoma City, Okl., and Henry L. Gilliam, Asst. Regional Atty., Dallas, Tex., for third party defendants.

Gene Stipe, Robert K. McCune, Carl D. Hughes, Oklahoma City, Okl., for intervenor.

Before HOLLOWAY, Circuit Judge, and DAUGHERTY and EUBANKS, District Judges.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

This action started as a constitutional attack on certain Oklahoma statutes. The Oklahoma statutes under attack are 63

Okla.Stat.1971 §§ 1–851 through 1–860 which establish public policy as to Nursing Homes and require that a Certificate of Need be issued before a Nursing Home can be expanded or constructed. Plaintiff, as the owner and operator of a Nursing Home in Wetumka, Oklahoma, has been subjected to the operation and requirements of said statutes to her dissatisfaction. Having a 24-bed Nursing Home, Plaintiff applied for a 63-bed home. Plaintiff was granted authority for only a 30-bed home. The result Plaintiff desires in her constitutional attack is to rid the Oklahoma statutes of said law and to free her from its requirements and regulations. Plaintiff also attacks the rules and regulations of the Board of Health of Oklahoma (which rules and regulations are now enforced by another State agency—the Defendant Oklahoma Health Planning Commission) promulgated by the Board to implement the said law. Plaintiff also attacks Public Law 93–641, 42 U.S.C. § 300k, et seq., known as the National Health Planning and Resources Development Act of 1974 (Act) which Act was passed the National Congress and seeks an injunction against the Third Party Defendants from enforcing any rules and regulations promulgated by them pursuant to the provisions of said Act which requires a state Certificate of Need law for entitlement to Federal medical assistance payments permitted under said Act.

A Three-Judge Court has been impaneled to consider Plaintiff's request that said statutes and rules and regulations, both State and Federal, be declared unconstitutional and that Defendants and Third Party Defendants be enjoined from enforcing same. After a hearing the Three-Judge Court denied Plaintiff's Motion for a Preliminary Injunction. Thereafter, Plaintiff enlarged her action by coupling the same with alleged civil rights violations by certain Oklahoma State officials in connection with her application for a 63-bed nursing home to be located in Wetumka, Oklahoma. The Court has separated the two causes of actions herein, directing that the Three-Judge Court entertain the original constitutional attack on the laws above cited and related rules and regulations, State and Federal, and do so first and that the District Judge to whom the case was assigned upon original filing would thereafter entertain the alleged civil rights violations.

The Three-Judge Court has conducted an evidentiary hearing on said constitutional attacks, has heard oral arguments thereon and has before it extensive briefing by all parties involved on said issues.

The Court finds and concludes that the Oklahoma Nursing Home statutes are constitutional. It is well recognized that the operation of an institution for the shelter, feeding and care of the sick, aged or infirm bears a reasonable relation to the health, safety and welfare of the community and is subject to licensing and regulation as a valid exercise of the police power of the State. 97 A.L.R.2d 1187 at 1189.

Similar laws in the States of New York and New Jersey have been upheld against the same type of constitutional attack made herein. See *Attoma v. State Department of Social Welfare*, 26 A.D.2d 12, 270 N.Y. S.2d 167 (1966);[1] *Merry Heart Nursing and Con. Home v. Dougherty*, 131 N.J.Super. 412, 330 A.2d 370 (1974).[1] Also see 97 A.L. R.2d 1187, Annotation: Licensing and regulation of nursing or rest homes.[2]

An examination of the State statutes under consideration reveals that they are not vague or overbroad as claimed by Plaintiff. Their purpose and application appears clear and workable. Nor is there a lack of rationality, as claimed by Plaintiff, in the Oklahoma legislative determination to reg-

---

1. These cases found that the operation of nursing homes bears a reasonable relation to the health, safety and welfare of a community and is subject to licensing and regulation as a valid exercise of the police power; that a requirement for a "certificate of need" is not unconstitutional.

2. But see *In re Certificate of Need for Aston Park, Hosp., Inc.*, 282 N.C. 542, 193 S.E.2d 729 which this Court declines to follow.

ulate Oklahoma Nursing Homes pursuant to said law for the health, safety and welfare of its citizens. The rules and regulations of the State Board of Health closely track the certificate of need statutes, simply serve to implement them and are not unconstitutional for any of the reasons asserted by Plaintiff.

The Court also finds that the State statutes under attack by Plaintiff do not deprive Plaintiff of due process of law or the equal protection of the law. *Williamson v. Lee Optical of Okla.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). The statutes are not discriminatory and Plaintiff's numerous claims of individual or official discrimination by those administering the law scattered throughout her several counts in the Complaint will be considered under the second issue as separated herein.

▬ Plaintiff's attack on the Federal act and regulations promulgated thereunder appears to be centered on 42 U.S.C. 300m–2(a)(4)(B). This is the section of the Act which requires an approved State Certificate of Need program before Federal funds may be disbursed thereunder. Plaintiff asserts this requirement violates the Tenth Amendment to the United States Constitution and also violates the due process clause of the Fifth Amendment of the United States Constitution and is violative of the Fourteenth Amendment to the Constitution of the United States.

It should first be noted that this Act does not impose any mandatory controls on the States. It provides in general that if a State desires to receive certain medical assistance funds payable under the Act it must have an approved Certificate of Need program.

The National Congress can legislate "[to] provide for the Common Defence and general welfare of the United States." Article I, Section 8, United States Constitution; *Helvering v. Davis,* 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937). Such legislation clearly falls within this authority. It is also well settled that the Federal government may impose terms and conditions upon which its money allotments to the States

shall be disbursed. *Lau v. Nichols,* 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974); *Oklahoma v. United States Civil Serv. Com.,* 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794 (1947). Hence, Plaintiff's claim that the Act violates the Tenth Amendment to the United States Constitution is without validity.

A regulation or requirement which is reasonable in relation to its subject and is adopted in the interests of the community is due process. *West Coast Hotel Company v. Parrish,* 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937).

In *Richardson v. Belcher,* 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971), it was appropriately said:

"We have no occasion, within our limited function under the Constitution, to consider whether the legitimate purposes of Congress might have been better served . . . or to judge for ourselves whether the apprehensions of Congress were justified by the facts. If the goals sought are legitimate, and the classification is rationally related to the achievement of those goals, then the action of Congress is not so arbitrary as to violate the Due Process Clause of the Fifth Amendment."

This Certificate of Need requirement is based on convincing evidence before the Congress that overbuilding of facilities is responsible for high cost of medical services. Hence, the Due Process Clause is not violated by the requirement of 42 U.S.C. § 300m–2(a)(4)(B) that there be an approved State Certificate of Need program before Federal medical assistance funds may be distributed to a State. This requirement is not mandatory. It is not arbitrary. A State can take it or leave it. It basically provides a standard for the disposition of Federal funds. There is a rational justification for such a program and it is a reasonable requirement in relation to the subject at hand in the interests of a community.

Accordingly, Plaintiff's cause of action in her Corrected Second Amended Complaint based on claims of unconstitutionality

should be dismissed. A Judgment dismissing this action of Plaintiff as contained in her Corrected Second Amended Complaint will be entered herein.